### GRANVILLE MERRILL v. W. H. TAYLOR AND WIFE.

#### No. 2303.

**Practice—Partial Failure of Consideration—Damages.**—Merrill brought suit on purchase money notes, executed by Taylor and wife, for an improved farm, implements, and stock. The defendants pleaded fraudulent representations made in advertisements, letters, and verbal statements. Plaintiff replied that the purchase was made after personal examination by defendants and with full knowledge on their part of the farm, etc. It appeared in evidence that Taylor and wife had visited the place for the purpose of investigating its condition with reference to the purchase and had remained two nights and the interveing day making partial examination of the premises. There was testimony that Merrill did not point out the deficiencies existing between the advertised and the actual property, with some testimony tending to show that Merrill hindered defendants in their investigation. *Held:* 1. As there was no pleading charging the suppression of the facts by plaintiff the matter should not have been submitted as an issue to the jury. 2. The effect of the actual examination of the premises by defendants should not have been withdrawn from the jury. The knowledge, so far as it extended, would correct misrepresentations upon that part of the premises actually known. 3. In claiming an abatement in the purchase money from a partial failure of consideration the whole price is a sum representing the value of the whole property as represented; the deduction to be an amount proportional to that sum as is the deficiency to the property as represented to be.

APPEAL from Gregg. Tried below before Hon. William Steadman, Special District Judge.

The opinion gives the facts.

*John W. Duncan,* for appellant.

WALKER, ASSOCIATE JUSTICE. — This is a suit filed June 4, 1884, by Merrill against William H. Taylor and Fidelia Taylor, husband and wife, to recover the sum of $3205 and interest, balance due on five vendor's lien notes executed on June 20, 1881, by appellees in favor of A. B. & S. A. Merrill, and afterward by the latter endorsed to appellant, and to foreclose the vendor's lien retained to secure same on certain lands in plaintiff's petition described. Defendants below answered by demurrer, general denial, and specially that the consideration for the notes had wholly failed, which plea of failure of consideration was in substance as follows:

That defendants were before the purchase residents of another State and were led to the purchase by newspaper advertisement by A. B. Merrill, which offered a fine farm, a lot of personal property, hogs, cattle, etc., for sale and placing a high value on same. That defendants saw Merrill and he made representations to them about the quality of the land, amount and value of personal property, etc., which were intended to deceive defendants and which were untrue; that upon such false representations the purchase was made, notes executed, and defendants came into possession; that the sale included a lot of farm belongings, besides horses, hogs, cattle, etc., all of which were found to be far short of representation in quantity and value. That defendants had paid at the time of the sale on the purchase price of the whole property $2000 cash, which was more than the whole property bought was worth, and they pray that the notes sued on be canceled, etc.

To this answer plaintiff below filed a reply, alleging in substance that there was no fraud practiced; that both defendants went upon the land and viewed all the property before they purchased, paid any money, or executed the notes; that they made payments on the notes long subsequent to moving on the land and taking possession of all the property without ever claiming failure of consideration or expressing dissatisfaction; that the bill of sale to the personalty recites the cash $2000 received for the personalty and conveys the property in the terms "more or less."

Upon these issues the case was tried and verdict and judgment rendered for defendants, and plaintiff appeals. The above statement, which is full, is adopted from brief of appellant.

The court charged upon the defense: "If you believe from the evidence that the said A. B. Merrill made to the defendants any representations touching the condition of said tracts of land, as to the fences thereon, the number and condition of the houses thereon, the quantity of the open land on said tracts and the condition of said open land as to a state of cultivation, and of other matters appendant and connected with said tracts of land, and that such representations were made by means of an advertisement printed in a newspaper published in the city of Cincinnati, in the State of Ohio, or by verbal statements to the defendants, or both, and that said representations were not true, but overstated the condition of said fences, the quantity of open land, the number and condition of the houses, and the amount and quantity of other matters and things, then you will ascertain the value of said deficiencies and deduct the amount thereof from the sum of the principal and interest of said notes.

"But if you find from the evidence that before the execution of said notes and deeds the defendants came to Gregg County for the purpose of examining said tracts of land and ascertaining the truth of said representations, and did so examine the lands or were afforded full opportu-

nity of examining said lands and were satisfied with the examination so made, then you will make no deduction on account of said deficiencies, unless they were prevented from making a full and satisfactory examination of said lands by the interference and device of said A. B. Merrill, and if such were practiced on them then you will make a deduction of the value of said deficiencies as aforesaid.

"And if you believe from the evidence that at the time of the sale and conveyance of said land the said A. B. Merrill sold to the defendants certain articles of personal property as described in the deeds read to you, or the testimony of the witnesses before you, or both, and that the value of said personal property constituted a part of the consideration of said notes, and that the sale and conveyance of said lands and personal property constituted one and the same transaction; and if you further find that the said Merrill did not deliver to said defendants all the personal property sold by him to them, then you will ascertain the value of the personal property not so delivered according to the terms of the sale thereof and you will deduct the value of the same from the amount due on said notes.

"But if you believe from the evidence that when the defendants came to Gregg County to examine the said lands as aforesaid the object of their visit was also to examine the said personal property to learn as to the truth of the said representations made respecting it by the said A. B. Merrill, and did so examine it and were fully satisfied therewith, then you will not deduct the value of the property not so delivered to them by said Merrill; unless the said Merrill by stratagem or device threw the defendants off their guard and thereby prevented a full and fair examination of said property—in that case you will deduct from the amount due on said notes the value of the articles not so delivered as aforesaid."

The deed by A. B. Merrill and wife to the defendants for the land and the bill of sale from A. B. Merrill to defendants were executed at the same time. The personal property was described as "on or appurtenant to the Merrill homestead" conveyed and the several items were enumerated in the bill of sale.

It appeared that the defendants came from their former residence in Toledo, Ohio, to Gregg County, Texas, for the purpose of examining said estate. They remained upon the premises at least two nights and the intervening day. During this time the defendants were partly employed in examining the property. There is some testimony that A. B. Merrill took them to see the parts of the plantation which were not out of repair. Some testimony tends to show that he misled defendants and did not point out the deficiencies, which were great and many when compared with his representations both in the advertisement and in his oral descriptions. But little opportunity was offered for knowing the facts as to the number of cattle and hogs about the place.

It is evident, however, that the general condition of the farm, buildings, fields, orchard, etc., could have been known by defendants during the time they were upon it.

The charge is considered erroneous in several particulars.

1.  It referred to testimony to Merrill's strategy in preventing a full investigation when this was not alleged.   In the specific acts of fraud this was omitted.

2.  It failed to give any effect whatever to the investigation made by the defendants save as if full and satisfactory, but the jury were directed if they found that Merrill had in any way hindered investigation they should deduct the full value of the deficiencies.   Whatever effect Merrill's conduct may have had in hindering further investigations it did not and could not obliterate from the minds of the defendants the knowledge they had already acquired by their inspection, partial though it may have been.   To the extent of the deficiencies apparent and of which they must have known the defendants in completing the purchase could not complain.   Whatever they knew or should have known by the examination would not be affected by the misrepresentations of Merrill.

3.  It seems that in an effort to establish a partial failure of consideration that the estimated value of the entire property should form a basis for an estimation of the measure of damages, or the extent of the failure proved.   That is, upon such partial failure the deduction to be made on account of it should be such proportion of the agreed price of the entire property as the deficiency bears to the property as represented.   This might be difficult to ascertain, but the practical judgment of an intelligent jury would be equal to the task.

The court did not err in failing to charge upon the conduct of defendants subsequent to the sale in making payments and keeping silence as facts from which an estoppel could be inferred.   This is not an effort to rescind the contract.   Besides, Merrill was not induced to any action by the alleged silence and payments by the defendants which are insisted upon as evidencing or constituting an estoppel.

The testimony as to value of adjoining lands was properly excluded. The value of the lands conveyed was a proper subject of inquiry in order to give assistance to the jury in estimating the relative value of the land and of the articles of personal property to the whole purchase.

For the errors in the charge above noted the judgment is reversed.

*Reversed and remanded.*

Opinion December 14, 1888.