## A. A. PRUITT v. T. J. JONES.

Delivered June 13, 1896.

1.    **Action on Purchase Money by Assignee—Failure of Consideration—Parties.**

Plaintiff sued upon a purchase money note as assignee thereof, and the defendant plead that he was induced to purchase the land by false representations as to its quality, whereby he was damaged in excess of the amount of the note.    Held, that defendant was entitled to have the payee of the note (vendor of the land) made a party in order to respond in damages for such sum as plaintiff might recover against him (defendant), and such other damages as defendant may have sustained by reason of the facts so alleged.

2.    **Sale of Land—Measure of Damages for False Representations.**

The measure of damages for false representations as to the quality of land, by which the buyer was induced to purchase it, is the difference between the purchase price and a sum which bears the same proportion to the purchase price as the actual value of the land bears to the value thereof if it had been as represented.

APPEAL from Jones.    Tried below before Hon. ED J. HAMNER.

*B. Frank Buie,* for appellant.—1. A vendee defrauded by the false representations of the vendor, in the sale of property on time, may elect to keep the property and plead in abatement of the price, to the extent of the difference in value between the property as it really was, and what it would have been worth to defendant had it been as represented. 1 Sayles' Rev. Civ. Stats., art. 272; Suttle v. Hutchinson, 31 S. W. Rep., 211; Wright v. Hardie, 30 S. W. Rep., 675; Aultman v. Hefner, 67 Texas, 54; Watson v. Raker, 71 Texas, 739; Scalf v. Tompkins, 61 Texas, 476; Brantley v. Thomas, 22 Texas, 270; Moore v. Hazelwood, 67 Texas, 624.

2. Before a case is called for trial, additional parties may, when they are necessary or proper parties to the suit, be brought in by either the plaintiff or defendant. 1 Sayles' Rev. Civ. Stats., art. 1209, p. 414; Preston v. Fahey, 31 S. W. Rep., 63.

*J. B. Thomas* and *C. C. Ferrell,* for appellee.—1. McGowen was neither a proper nor necessary party to the suit, and if he had been, the plea comes too late, and the court did not err in so holding. Rev. Stats., art. 1209; Buetell v. Courand, 29 S. W. Rep., 1146; Reagan v. Copeland, 78 Texas, 551.

HUNTER, Associate Justice.—Appellee Jones brought this suit in the District Court of Jones County against appellant upon a note for $100, given as a part of the purchase money for a certain 160 acre tract of land lying in Jones County, Texas, and upon which he prays foreclosure of the vendor's lien. The land had been purchased by appellant from one McGowen, at the price and sum of $809.33. Of this amount $300 was paid to McGowen in cash, and two notes of $100 each executed and delivered to him, and appellant furthermore assumed to pay to the State of Texas a balance due it on said land of $309.33. The $100 notes were due respectively in one and two years, the first one of which was paid off, and the second is the one sued on.

Appellant alleged in his answer, substantially, that he had never been in Jones County, never had seen the land, and knew nothing about the kind and quality thereof, and that said McGowen, in order to induce him to purchase said land, falsely and fraudulently represented to him that said land was a number one first class tract of land for Jones County, Texas, that there were from 90 to 110 acres of good, nice, smooth, level, tillable land in a solid body on said tract, and that all of said tract except about ten acres would do to cultivate; that he believed said representations, and was induced thereby to purchase said land, relying on said statements and representations being true, and agreed to pay the price above named, but that the said land was not of the quality, kind and character as represented by said McGowen, that it did not contain more than 25 acres of good nice, smooth, level, tillable land on the entire tract, including separate parcels large enough to cultivate, and did not contain more than 60 acres of first class and

second class tillable land, both included, all of which the said McGowen well knew, and that by means of the premises he had been greatly injured and damaged, in the sum of, to-wit, $250, and that the consideration of the note had failed. The appellant then prayed that said McGowen be made a party defendant to the suit; that he be cited to answer; and on final trial, that he have judgment against McGowen for a sum equal to the sum plaintiff recovered against him, for costs of suit, and for general and equitable relief.

The appellee, plaintiff below, demurred to this pleading in about seven special exceptions, which we are inclined to treat as a general demurrer, except one, which objected to the making of McGowen a party to the suit, upon the ground that he was neither a proper nor necessary party thereto. All of these exceptions were sustained, and the appellant, defendant below, declining to amend, the case went to trial, and judgment was rendered against appellant for the sum of $149.88, with foreclosure of lien upon the land.

Appellant makes numerous assignments of error, but there are only two questions in the case, according to our view. One is, whether the court erred in holding that the matters plead in defense were insufficient to bar or preclude the plaintiff from recovering; and the second is, whether McGowen could properly be made a party to this suit; and the decision of these two questions, we think, will be sufficient to dispose of the case as it comes before us on these demurrers.

We will answer the second of these questions first, by saying that we are of opinion that McGowen was a proper party to the suit, and that we see no reason why he might not be brought in by the defendant and made to respond in damages to whatever amount the plaintiff in this suit might recover against the defendant; or if the defendant's pleadings were properly shaped, he might extinguish the plaintiff's demand, if in fact he obtained the note after maturity, and have judgment over against McGowen for the balance of his damages. The defendant is entitled to plead against this note in the hands of an assignee who received it after maturity "every discount and defense against the same which it would have been subject to in the hands of any previous owner, before notice of the assignment was given to the defendant." New Revised Statutes, art. 309.

As to the first question, we are clearly of opinion that the pleading of the defendant sets up a good defense, and if proved, the defendant would be entitled to judgment for the amount of injury sustained by him. The measure of damages in this case would be the difference between the purchase price and a sum of money which bears the same proportion to the purchase price as the actual value of the land bears to the value thereof if it had been as represented. To state it as an arithmetical problem: If the land had been as represented, it would have been worth $1000; but as it actually was when purchased, it was worth only $500. The purchaser paid $800 for it. To what amount of reduction in price is he entitled? Solution: Find the amount he should

have paid for it in the above proportion, and subtract it from the amount he agreed to pay, and the difference will be the amount of reduction in the purchase price, which in the problem above given would be $400. Merrill v. Taylor, 72 Texas, 296.

From what we have above said, we regard it as unnecessary to pass upon the assignments of error in detail; and for the error in sustaining the demurrers to defendant's answer, we reverse the judgment herein and remand this cause for a new trial in accordance with this opinion.

*Reversed and remanded.*