## WILLINGHAM v. BROWN et al.

(Court of Civil Appeals of Texas. Amarillo. Jan. 17, 1914.)

1. TRIAL (§ 253*)—INSTRUCTIONS — CONSTRUCTION.

In an action to collect vendor's lien notes, where defendant set up several defenses, including fraud and settlement, and possibly pleaded failure of consideration, a charge to find for plaintiff in such sum as the jury might believe from the evidence he is entitled to does not submit to the jury the question of failure of consideration, where there was an entire omission in the court's charge with reference to the affirmative defense of want of consideration, and plaintiff admitted defendant was entitled to some credits.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 613–623; Dec. Dig. § 253.*]

2. APPEAL AND ERROR (§ 216*)—INSTRUCTIONS —NECESSITY OF REQUEST.

While ordinarily a plaintiff, who omits to request special instructions on the measure of damages, cannot complain of the general charge, a plaintiff cannot be deprived of the right to attack an insufficient verdict, in an action to enforce vendor's lien notes, where defendant set up a failure of consideration, on the theory that he should have requested a special charge excluding that defense which was not presented by the general charge.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 216;* Trial, Cent. Dig. §§ 627, 640.]

3. APPEAL AND ERROR (§ 1171*)—REVIEW — VERDICTS.

Where a money verdict does not accord with the theory upon which it was found, errors in its computations require a reversal of the judgment rendered thereon.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4546–4554; Dec. Dig. § 1171.*]

4. TRIAL (§ 344*)—VERDICT—IMPEACHING AFFIDAVITS.

Assignments of error based upon affidavits given by jurors for the purpose of impeaching their verdict must be overruled.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 813; Dec. Dig. § 344.*]

5. TRIAL (§ 251*)—INSTRUCTIONS—CONFORMITY TO ISSUES—LIABILITY AS SURETY.

Where one of the defendants was liable only as a surety, it is error to give instructions allowing the jury to find against him either as a principal or surety.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 587–595; Dec. Dig. § 251.*]

Appeal from Potter County Court; W. M. Jeter, Judge.

Action by G. W. Willingham against Howard Brown and another. From the judgment, plaintiff appeals. Reversed and remanded.

C. A. Wright, of Amarillo, for appellant. Yost & Busby and Hugh L. Umphres, all of Amarillo, for appellees.

HENDRICKS, J. On March 14, 1912, Howard Brown, one of the appellees in this cause, and a defendant in the trial court, had the title to 152½ acres of land in Hutchinson county, Tex.; the appellant, G. W. Willingham, having theretofore conveyed to said

Brown said land. As a part of the consideration for the conveyance of said land, the said Brown had executed to Willingham two $250 notes, and in addition thereto had agreed to relinquish to appellant Willingham a certain claim situated in New Mexico. In accordance with previous negotiations which had occurred between Willingham, the appellant, D. M. Young and Howard Brown, the appellees, certain deeds were executed upon that date, one by Brown and wife, embracing the Hutchinson county land, to the appellee D. M. Young, and a deed from D. M. Young and wife to the appellant, Willingham, embracing a certain lot situated in Amarillo, Potter county, Tex. As between Willingham and Brown, the latter was to retain his New Mexico claim, and in accordance with Willingham's contention, by virtue of the conveyance by Brown to Young of the land in Hutchinson county, Young was to assume a lien upon the Hutchinson county land for something over $900; the contention of Young being that he was to take the conveyance from Brown subject to said indebtedness and was not to be liable for its payment. The deed from Brown to Young specifically recites the assumption of this indebtedness with the name of the grantee left blank, which omission Young does not object to, and says it was in accordance with the negotiations and that it was previously understood that he could thereafter fill in the name of the grantee in the event he sold the land to others. Young claims that during the previous negotiations Willingham and one Thomason represented the land as being situated in a square, and that it was all smooth, tillable land; that at the time the deed which had been executed by Brown was handed to him, upon examination of the abstract of title, which accompanied the deed, he saw that it was land which he had previously owned and was acquainted with the position of the land upon the ground, also its quality; that it was not smooth, tillable land, neither was it in a square; that he then refused to accept the deed, stating his reasons, demanding a return of his deed of the lot in Amarillo, which was refused by Willingham, the grantee in that deed, and that the latter immediately recorded same. Willingham sued Young and Brown on the two $250 notes in the county court of Potter county, Tex. Young pleads the alleged fraud of plaintiff as to the representations with reference to the land; that there was no delivery of the papers; that there was a settlement between him and Willingham by subsequent agreement, by the terms of which Young was to return the deed to the Hutchinson county land and execute with Willingham a note for the sum of $125 for the benefit of some third party; also pleading a failure of consideration. Brown defending on the ground that he was a surety, and also in part admitted and adopted a portion of the plaintiff's petition, which is not necessary to recite. The amended original petition of Willingham admitted that his notes were subject to certain deductions by virtue of certain liquidated demands arising between him and Young, on account of other and different transactions, and in a supplemental petition pleaded specifically that Young had retained possession of the deed executed by Brown and had exercised ownership and possession over the land described in said deed, specifically alleging that Young had attempted to sell the land to himself and others by virtue of which, if any false representations had been made, the original, transaction and the validity of his claim had been ratified.

The trial judge, in submitting the issues of the cause as between Willingham and Young, charged in substance that if the jury believed that Young agreed to assume the debt on the Hutchinson county land and agreed to assume the payment of the two $250 notes, and that the deeds were delivered between the parties, to find for the plaintiff "in such sum as you (they) believe from the evidence he is entitled to," unless they found that the false representations with reference to the shape and quality of said land had been made by Willingham, and that Young should receive in exchange for his lot in the city of Amarillo a deed with the name of the grantee left blank, "which should not recite that any of the indebtedness of the Hutchinson county land was assumed by the said Young but should recite that it was subject to such indebtedness." The jury returned the following verdict: "We, the jury, find in favor of the plaintiff judgment in the sum of $50, against the defendant D. M. Young, as principal, and Howard Brown, as surety, and also the recovery of the Nicholson note of $110 at the First State Bank."

The appellant Willingham contends, by appropriate propositions, that the jury in finding a verdict for $50 necessarily found in accordance with his theory of liability with reference to the two $250 notes alleged by him to have been assumed by Young, and further asserts that such an amount is an incorrect verdict for the reason that there is no theory properly pleaded nor submitted to the jury in accordance with which, even when you consider all the proper credits which could have been applied by the jury as a deduction of Willingham's debt, could reduce the same to the amount mentioned.

[1, 2] In reply to this position the appellee Young presents the counter proposition that he pleaded a failure of consideration as a defense to the notes and cause of action sued upon by appellant, and that there was testimony that the land in Hutchinson county was of an actual value which, when taken in connection with the purchase price of the land, including the $950 debt incumbering the same, that the jury would have wide latitude in arriving at the amount he should be

required to pay under his defenses; that under the plea of failure of consideration a partial failure of consideration could be proven. We do not admit that defendant's pleading as a plea of failure of consideration is addressed to the difference in the value of the land as it actually exists and the contract price. In the last paragraph of his answer, there is a plea of failure of consideration, based upon the relinquishment of the New Mexico land and an additional allegation that, on account of the matters pleaded "herein," the consideration has failed, but it is very doubtful that, if you take the recitations of that paragraph as a whole, it is relevant to the difference in value arising on account of the false representations as to the kind and quality of land agreed to be conveyed, and pleaded in the preceding paragraphs. The plea is rather susceptible of the construction, though the paragraph is not numbered, that it is addressed to the particular matter raised in the paragraph which is entirely irrelevant as a defense in this case. However, whatever the construction, the court did not submit such a plea to the jury, and we do not think that the recitation in his charge, directing the jury, if they found in favor of plaintiff, to find "such sum as you believe from the evidence he is entitled to," could be considered as the submission of a substantive defensive issue, especially when there is an entire omission in the court's charge with reference to such affirmative issue claimed to be brought forward by defendant. This is a broader question than one of failing to submit the measure of damages. The authorities cited by the appellee Young are entirely inapplicable to a case of this status. It may be the general rule that, where the plaintiff omits to request a special instruction on the measure of damages, a general charge of the court is ordinarily sufficient. Where, however, the defendant contends for a substantive defense (doubtful in this case if properly applicable), and the court refuses or omits to submit such a defense to the jury, and when the defendant then asserts in effect that such a defense should have been submitted by the plaintiff, by an appropriate instruction on the matter of damages, before the latter can complain of the verdict, it occurs to us as rather an anomaly. The court submitted liability and nonliability upon other specific issues, and we are not to presume that the jury had a right to go into the record and decide substantive defenses which appellee contends were raised in the case, but which the record shows were never submitted. Upon consideration of this record, viewed as a cause submitted under the issues as directed by the trial court, there could have been no deductions except certain liquidated demands, not necessary to set out, which, if considered by the jury, could not reduce the plaintiff's debt to any such amount as evidenced by the jury's verdict.

[3] We think the general rule in this state is that, "where a money verdict which has been returned by a jury does not accord with the theory upon which it was found, the error in its computation requires a reversal of the judgment rendered upon it." Taylor v. Evans, 29 S. W. 172. See, also, Hexter v. Cory, 18 S. W. 574; Hilliard v. Johnson, 32 S. W. 914; Monroe v. Railway Co., 145 S. W. 1070.

The trial court in this case failed to submit the issue of ratification pleaded by the plaintiff alleging dominion and ownership over the land, the retention of the deed, and the alleged attempts of Young to sell the land, and in the record we notice a subsequent disposition of a part of the consideration by Young.

[4] The assignment by the appellant Willingham, based upon the affidavit of jurors for the purpose of impeaching their verdict, is, of course, overruled. There are matters with reference to agreements which are not briefed. If the defendant Young, appellee herein, ratified the transaction, with full knowledge of all of its elements, the question is suggested in this record whether the plea of failure or partial failure of consideration would be available? We neither decide nor discuss the matter.

[5] We think it is definite enough in this record that, if Young is liable, Brown's liability upon the two notes is that of surety only and the court should not direct the jury "to find against the defendant either as a principal or surety in any event." The measure of damages in cases of false representations of the position and quality of land by a vendor we believe is now settled by the case of George v. Hesse, 100 Tex. 44, 93 S. W. 107, 8 L. R. A. (N. S.) 804, 123 Am. St. Rep. 772, 15 Ann. Cas. 456, notwithstanding the cases of Merrill v. Taylor, 72 Tex. 293, 10 S. W. 532, and Pruitt v. Jones, 14 Tex. Civ. App. 84, 36 S. W. 502, adopt a different rule. The reversal in favor of Willingham will result in a reversal against both appellees, and we are unable to affirm as to Brown. While the attitude of the litigants is different, we think the principle illustrated by the case of McRea v. McWilliams, 58 Tex. 334 (and cases cited), is applicable; also in this cause the amount owing by Brown as surety is dependent upon the amount owing by Young.

On account of the error indicated with reference to the improper verdict, we are required to reverse and remand this cause, and it is so ordered.