ELLERD v. FERGUSON. (No. 1604.)

(Court of Civil Appeals of Texas. Amarillo. Jan. 28, 1920. Rehearing Denied Feb. 18, 1920.)

1. BILLS AND NOTES ⬤⟼491—BURDEN ON DEFENDANT TO ALLEGE AND PROVE AFFIRMATIVE DEFENSE OF EXTENSION.

In an action on a note, defendant, having pleaded extension agreement as an affirmative defense, had the burden of alleging and proving all facts necessary to substantiate it.

2. BILLS AND NOTES ⬤⟼493(2)—BURDEN ON DEFENDANT TO PROVE CONSIDERATION FOR ORAL EXTENSION AGREEMENT.

In an action on a note, where defendant pleaded an oral extension agreement, the burden was upon him to allege and prove a consideration for such agreement.

3. BILLS AND NOTES ⬤⟼139(2) — EXTENSION AGREEMENT MUST BIND DEBTOR TO PAY INTEREST.

If there be no outside consideration, a mutual agreement for extension of a note, in order to be valid, must bind both parties, the creditor to forbear the collection of his debt until the stated time, and the debtor to continue to pay interest to such time, and if by the terms of such agreement it should bind only the creditor to forbear, but allow the debtor to discharge the debt at any time and stop running of interest, the agreement is without consideration.

4. NEW TRIAL ⬤⟼77(1)—JURY NOT CONCERNED WITH LEGAL EFFECT OF FINDINGS.

It is the province of the jury to find the facts, and they have no concern with the legal effect of their findings, and a new trial should not be granted under Rev. St. 1911, art. 2021, on affidavit by the jurors that they did not understand the legal result of their verdict.

5. NEW TRIAL ⬤⟼143(4)—VERDICT CANNOT BE IMPEACHED BY AFFIDAVIT OF JURORS.

Verdict of a jury cannot be impeached on motion for new trial by affidavits of the jurors that there was a mistake entering into the verdict.

6. APPEAL AND ERROR ⬤⟼742(1)—ASSIGNMENT NOT FOLLOWED BY PROPOSITION OR STATEMENT OR AUTHORITY NOT CONSIDERED.

An assignment of error not followed by any proposition, statement, or authority in support thereof will not be considered.

7. APPEAL AND ERROR ⬤⟼232(1)—SUBMISSION TO COURT OF SPECIAL ISSUE NOT TO BE CONSIDERED ATTACK ON ISSUE SUBMITTED BY COURT TO JURY.

A request for the submission of a special issue requiring a finding as to the same matters referred to in a special issue submitted cannot be used by plaintiff in error as an attack on the manner of submitting the issue as contained in the charge of the court; no such objection having been taken at the trial.

Error from District Court, Hale County; R. C. Joiner, Judge.

Suit by Joe Lee Ferguson against Reuben M. Ellerd. Judgment for plaintiff, and defendant brings error. Affirmed.

Reuben M. Ellerd, of Plainview, and I. W. Stephens, of Ft. Worth, for plaintiff in error.

Graham & Graham, of Plainview, for defendant in error.

BOYCE, J. This suit was brought by defendant in error, Joe Lee Ferguson, against plaintiff in error, Reuben M. Ellerd, to recover on a promissory note, executed by Ellerd. The defendant pleaded: That the note was entitled to certain credits, and that the suit was prematurely brought, because on the 6th day of December, 1918, plaintiff had agreed to extend the time of payment of said note for four months thereafter, which date was subsequent to the filing of the suit and the trial of the case, that at the time of the said agreement for extension the defendant further agreed to sell certain feed and pasturage to the plaintiff, which the plaintiff agreed to receive and to apply the price to be paid therefor as a credit on said note, and that the plaintiff had refused to accept such feed, in consequence of which defendant is entitled to a credit on said note for the amount of damages sustained by reason of such refusal. The plaintiff answered the said pleading of the defendant by exceptions and general denial.

The following special issues that are material to the consideration of the assignments presented on this appeal were submitted to the jury:

"(1) Did the plaintiff, Joe Lee Ferguson, on or about the 6th day of December, 1918, near the Ellerd Building in Plainview, Tex., unconditionally agree to buy the feed and pasturage mentioned in defendant's answer and to allow a credit for the market value of same on the note sued on? * * *

"(5) On or about the 6th day of December, 1918, near the Ellerd Building in Plainview, Tex., did the plaintiff, Joe Lee Ferguson, make an agreement with the defendant, Ellerd, wherein he agreed to extend the time of the payment of said note?

"(6) Was said agreement of extension, if any, for any certain period of time?

"(7) Under said agreement, if any, did the defendant, Ellerd, reserve the right to pay off said note at any time prior to the date of the extension, if any?"

To the first issue the jury answered, "No," to the fifth and seventh, "Yes," and to the sixth, "Yes; April 6, 1919."

---

On this verdict the court entered judgment for the plaintiff.

[1-3] The plaintiff in error insists that under the findings of the jury in answer to the fifth and sixth special issues he was entitled to judgment. It is argued in support of this position that there was no pleading that would authorize a submission of the seventh issue, and that the finding in response thereto is immaterial and should be disregarded. The defendant, having pleaded the extension agreement as an affirmative defense, had the burden of alleging and proving all facts necessary to substantiate it. The agreement was oral, so that the burden was upon the defendant to allege and prove a consideration for such agreement. Jones v. Holliday, 11 Tex. 413, 62 Am. Dec. 487; Life Insurance Co. v. Davidge, 51 Tex. 249; Hardison v. Hooker, 25 Tex. 92; R. S. art. 7093; Townes on Pleading (2d Ed.) pp. 496, 497. If the answer be considered a sufficient allegation of consideration, the general denial by the plaintiff would put the allegation in issue. The only consideration suggested by the pleading or the evidence for the extension agreement was either in the alleged agreement for the sale and purchase of the feed and pasturage or in the obligation on the part of Ellerd to continue to pay interest during the term of the extension. The jury found against the defendant on his claim as to the feed and pasturage. If there be no outside consideration, a mutual agreement for extension, in order to be valid, must bind both parties—the creditor to forbear the collection of his debt until the stated time, and the debtor to continue to pay interest to such time. If by the terms of such agreement it should bind only the creditor to forbear, but allow the debtor to discharge the debt at any time and stop the running of interest, the agreement is without consideration. Austin Real Estate & Abstract Co. v. Bahn, 87 Tex. 582, 29 S. W. 646, 30 S. W. 430; Benson v. Phipps, 87 Tex. 578, 29 S. W. 1061, 47 Am. St. Rep. 128; Lipscomb v. Walker, 175 S. W. 449; C. C. Slaughter Co. v. Eller, 196 S. W. 704. Under the findings of the jury the defendant, Ellerd, was not bound to continue to pay the interest to April 6th, and the court correctly entered judgment for the plaintiff on the ground that the agreement on Ferguson's part to extend the time of payment to April 6th was not binding for want of consideration.

When construed together, there is no conflict in the findings, as contended by the second assignment. The issues were evidently submitted in view of the authorities just cited for the purpose of eliciting a finding of the jury as to just what the contract purported to bind each of the parties to do.

[4, 5] The third assignment complains that the court erred in overruling the motion for new trial because the jury answered the issues as they did under a mistake as to the meaning thereof and intended to find and believed that they were finding in such way as "would determine that a valid extension agreement had been made to extend said note to April 6th." A statement to this effect, signed by all the jurors except one, was filed before the motion for new trial was acted on by the court, though such statement is not referred to in the motion for new trial, and it is not shown that it was called to the court's attention. But, even if the statement had been called to the court's attention, there was no error committed by the trial court in overruling the motion for new trial on this ground. It is the province of the jury to find the facts, and they have no concern with the legal effect of their findings; it has even been held that it is improper for the attorneys in the argument, or the court in his charge, to inform the jury of the legal effect of their findings. So that it is not material that they misunderstood what would be the legal result of their verdict. Besides, it would be improper to allow jurors to impeach their verdict in this way. Crosby v. Stevens, 184 S. W. 712, par. 28; Willingham v. Brown, 163 S. W. 107. The ground of the motion for new trial does not show such misconduct of the jury in arriving at the verdict as to bring the case within the provisions of article 2021, R. S.

[6] The fourth assignment is not followed by any proposition, statement, or authority in support thereof, and will not be considered.

[7] The first special issue submitted required a finding as to the same matters referred to in the special issue requested by plaintiff in error, the refusal of which is made the basis of the fifth assignment. It would have been confusing and improper to have submitted both issues. There was no objection to the manner of the submission of the first issue as submitted by the court, and the plaintiff in error cannot use the request for the submission of the issue presented by him as an attack on the manner of submitting the issue as contained in the charge of the court; no such objection thereto having been taken at the trial.

We find no reversible error assigned, and the judgment is affirmed.