**POWELL v. ANDREWS.**

No. 6438.

Court of Civil Appeals of Texas.   Texarkana.
April 21, 1949.

Rehearing Denied May 19, 1949.

Earle B. Mayfield, Jr., Jack W. Flock, for appellant.

W. Edward Lee, Tyler, for appellee.

LINCOLN, Justice.

This is an appeal from the action of the District Court of Smith County in sustaining special exceptions to the appellant's amended petition and in dismissing the suit. In passing upon the correctness of this action, we must assume that the allegations of the petition are true. The essential facts alleged are:

Immediately prior to March 27, 1946, appellant and appellee entered into negotiations for the lease of a certain described tract of land situated in Smith County. Appellant desired to purchase this land, erect a building thereon, and to move his business there from another location. To do this it was necessary for him to sell a profitable, going business and to secure a "GI-Loan." The appellee told him he need not do that at the present time; that if he, appellant, would enter into a lease contract with appellee the appellee would give appellant an option to purchase the property at any time within twelve months from the date of the lease contract, and the appellee would then assist appellant in securing such loan, at which time the appellant could then exercise his option to purchase.

The appellant agreed to enter into such lease contract with above mentioned option to be incorporated therein. The parties met in the office of the appellee's agent, A. D. Walker, and all the terms of the lease were agreed to, among them, that the option aforesaid was to be inserted. It was agreed that due to appellant's lack of knowledge in legal matters the appellee would prepare or have prepared a written lease so as to contain the agreements referred to. The lease contract was drawn and left in Walker's office, and appellee told Walker that the lease contract contained all the terms theretofore agreed upon. When appellant called at Walker's office to execute the lease Walker told him that the exact terms agreed upon were incorporated in said lease. Appellant believed these representations and relied upon them, had confidence in appellee and his agent Walker, believed the lease contained the option to purchase at any time within twelve months and signed the lease without reading it. It was acknowledged by both parties.

Each party took a copy of the lease. Thereupon appellant closed out his business at the other location and constructed a building upon the tract of land described in the lease. He spent $9,000 in doing so. He paid appellee's agent Walker $500 on the day the lease was signed, which was four months' rent in advance. He went into possession of the property and after he had operated his business there for a few months he was offered $20,000 for the property. He desired to sell and produced his lease contract to the proposed purchaser. It was then that he learned for the first time that instead of having an option to buy the property at any time within twelve months from the date of the lease, the contract gave to the appellant the option to buy the property for the agreed price of $12,500 on March 27, 1947. The contract provided that "in event lessee does not exercise the above option on the date of March 27, 1947, then this option shall expire." The contract also contained a second option to buy the property for $15,000 on March 27, 1948, and if not accepted on that date this second option should expire.

Appellant thereupon called upon the appellee and Walker to correct the lease so as to make it speak the agreement had by them prior to its execution. The appellee agreed to do so, but it was never done. Thereafter, appellee took possession of the property and ousted the appellant.

The petition makes many allegations of the essential elements of fraud inducing the

execution of the contract, consisting of representations, promises, reliance thereon, lack of knowledge that the lease did not contain the stipulations regrading the option, estoppel, change of situation, injury and damage, in fact, throughout the petition we find repetitions of these allegations. The petition is in two counts, the first of which is substantially as above stated. The second or alternate count differs from the first in the damages claimed and specifically attempts to hold the defendant upon representations made by his agent Walker.

In the first count the plaintiff alleges his damages in the sum of $9,000, the amount of money actually expended by him, with interest from April 1, 1946, exemplary damages in double that amount, and for the difference between the contract price of $12,500 and the highest price which plaintiff was offered and could have received for the property, together with interest thereon. In the second count his prayer is for damages in the sum of $9,000. Copy of the contract is attached to the petition.

The defendant's special exception No. 1 is that plaintiff's suit is not based upon the written lease contract attached to the petition but is founded wholly upon an alleged breach of an oral agreement which is not included in the writing with respect to the sale and purchase of land, and that recovery is prohibited by the statute of frauds.

Art. 4004, R.S. of Texas, passed in 1919, as a sufficient predicate for this suit, reads in part:

"Actionable fraud in this State with regard to transactions in real estate * * * shall consist of either a false representation of a past or existing material fact, or false promise to do some act in the future which is made as a material inducement to another party to enter into a contract and but for which promise said party would not have entered into said contract. * * * All persons guilty of such fraud shall be liable to the person defrauded for all actual damages suffered, the rule of damages being the difference between the value of the property as represented or as it would have been worth had the promise been fulfilled, and the actual value of the property in the condition it is delivered at the time of the contract. All persons making the false representations or promises and all persons deriving the benefit of said fraud, shall be jointly and severally liable in actual damages, and in addition thereto, all persons wilfully making such false representations or promises or knowingly taking the advantage of said fraud shall be liable in exemplary damages to the person defrauded in such amount as shall be assessed by the jury, not to exceed double the amount of the actual damages suffered."

Before the passage of this act it had been held that fraud in real estate dealings, as well as in contracts generally, was actionable, both as relates to present or past existing facts and as to promises made without a bona fide intention of performing them. George v. Hesse, 100 Tex. 44, 93 S.W. 107, 8 L.R.A.,N.S., 804, 123 Am.St.Rep. 772, 15 Ann.Cas. 456; Booth v. Coward, Tex. Com.App., 265 S.W. 1026; Russell v. Industrial Transportation Co., 113 Tex. 441, 258 S.W. 462.

In Merrill v. Taylor, 72 Tex. 293, 10 S.W. 532, and Pruitt v. Jones, 14 Tex.Civ. App. 84, 36 S.W. 502, the defense to suits on purchase money notes where their execution was induced by fraudulent acts and conduct was upheld. In other words, fraud inducing a contract is sufficient in defense as well as in offense.

Art. 4004, R.C.S., did not create a cause of action which had not theretofore existed. As far as we know, the courts have always recognized a common law liability for fraud inducing the execution of a contract. The principal difficulty found in the cases has been with reference to the correct measure of damages. This is well illustrated in the cases above cited. The statute referred to defines the measure of damages with regard to transactions in real estate, or in joint stock companies, and it has been said that the statute supplements, if it does not supersede, the rule of damages announced in the case of George v. Hesse, supra. Sibley v. Southland Life Ins. Co., Tex.Sup., 36 S.W.2d 145, 146. Be that as it may, it is firmly established in the law of this State that fraud inducing the execution of a contract in real estate is

actionable, whether based upon present or past existing facts or upon a false promise to do some act in the future, and but for which a party would not have entered into the contract.

In the case last cited. The action was based upon fraud in the exchange of land, and was brought under the statute. It was there contended, among other things, that the promise being oral, it was not enforcible. The court stated that:

"Considered in a contractual aspect, his promise would probably be subject to the rule invoked. But * * * the cause of action growing out of such promise, which the insurance company asserts herein, is grounded in tort and not in contract. Responsibility for the tort committed is not affected by the fact that the false promise was made orally."

In McDonald v. Simons, Tex.Com.App., 280 S.W. 571, it is held that fraud inducing an exchange of land vitiates the entire transaction as between the parties.

In 37 C.J.S., Fraud, § 11, page 236, it is said:

"The rule that mere failure to perform a promise does not amount to fraud is inapplicable where a party falsely and fraudulently represents that a written lease or other contract contains a certain promise on his part, as such a representation relates to an existing fact."

Not only so as to' actions for damages or for rescission, but in Matthewson v. Fluhman, 41 S.W.2d 204, the Commission of Appeals to the Supreme Court went further and held that where a contract subject to the statute of frauds has been so far performed that it would constitute a fraud to allow the other party to set up the statute of frauds as a defense, equity will enforce the contract by decreeing specific performance.

The petition in this case makes allegations intended to set forth a cause of action based upon a fraudulent transaction in real estate. The appellee's contention is that the suit is upon a verbal contract or agreement for the conveyance of land, and falls within the statute of frauds. The petition expressly alleges that there was a verbal agreement to the effect that the appellant would lease the land and that an option to purchase at any time within one year would be inserted in the lease. If the lease had never been drawn the agreement would have fallen within the statute of frauds and would have been unenforcible unless it could have been brought within the terms of Matthewson v. Fluhman, supra. But the petition bases the action upon a misrepresentation of a present existing fact, that is, that the option agreement was in the lease as written. That this was a material fact cannot be denied. To constitute a cause of action it is only additionally necessary for the petition to allege the various elements of fraud generally and commonly recognized. See Wilson v. Jones, Tex.Com.App., 45 S.W.2d 572. We have carefully examined the petition and find that it abundantly sets forth the various elements of fraud and deceit, in fact, there are repetitions of these elements throughout.

The allegations with reference to the verbal agreements made prior to signing the lease are evidentiary, and furnish the background of the lease contract. The suit is not based upon failure to perform verbal agreements or promises. It rests upon the allegation that the appellee told his agent Walker that the option agreement previously had was inserted in the written lease and that Walker so informed the appellant. In reliance upon this representation, the appellant signed the written contract without knowledge to the contrary.

The principal may be held for the fraud of his agent under the general rules relating to this matter, and it has been specifically held that the principal may be so held for the act of his agent under Art. 4004. Boyd v. Eikenberry, Tex.Civ.App., 99 S.W.2d 701, reversed by Sup.Ct. on other grounds, 132 Tex. 408, 122 S.W.2d 1045.

Fraud of an authorized agent made while acting within the scope of his authority may render the principal liable in damages; and it is immaterial whether the principal, if he made such representations, or his agent, if he made them, was aware of the falsity, or made the representations

innocently, believing them to be true. 20 Tex.Jur., p. 99; Foix v. Moeller, Tex.Civ. App., 159 S.W. 1048, writ refused.

In 21 R.C.L., p. 850, the rule is thus stated:

"For frauds and misrepresentations of his agent within the scope of the employment, the principal is liable no less than in other cases; and this although he had no knowledge thereof, and has received no benefit therefrom."

■ The statute provides for exemplary damages in a sum not to exceed double the amount of actual damages. Art. 4004, supra. This provision has been upheld. Hawthorne v. Walton, Tex.Civ.App., 30 S.W.2d 397, writ dismissed; James Dickinson Farm Mortgage Co. v. Harry, 273 U.S. 119, 47 S.Ct. 308, 71 L.Ed. 569.

We do not agree that the suit is upon an oral contract for the sale of land nor for a breach thereof. It is an action in tort, and being such the petition stated a cause of action, and it was error for the trial court to sustain the appellant's special exception No. 1.

■ By special exception No. 2, it was asserted that the petition stated no valid reason or excuse for the appellant's failure to read same, that it was presented to him for inspection and signature at a time when the appellee was not present, that he had opportunity to inspect and read it, that there is no disparity between the mental facilities or business experiences of the parties, and that no urgings or other grounds are shown to excuse appellant for his failure to read the instrument before signing and acknowledging it. The petition states that Mr. Walker was the agent of the appellee, and that Walker told appellant that the contract as written contained the option to purchase the land at any time within one year from date. The allegation is further made that the appellee so stated to Walker. It is further alleged that the appellant had confidence in the honesty and fairness of appellee and of Walker and believed that Walker had stated to him to be true, and for this reason he did not read the contract. It is also alleged in the petition that due to appellant's lack of knowledge in legal matters appellee would pre-

pare or have prepared the written lease. If the appellant relied upon these representations, and executed the contract, which he would not have done without such representations, then the petition sets up a case for actionable fraud, both under the statute and under common law liability.

■ The rule is well stated in the case of Commercial Jewelry Co. v. Braczyk, Tex.Civ.App., 227 S.W. 754, 755:

"Appellant contends that the court erred in permitting appellee to testify to the facts above recited, claiming that the introduction of said testimony was an attempt to vary the terms of a written contract, and that such testimony was insufficient to justify the judgment for appellee rendered herein. Where the terms of a contract of purchase and sale have been agreed upon orally and the salesman prepares a written contract and presents it for signature and represents that it embraces the terms agreed upon, and the purchaser signs the same without reading it or having it read to him. Relying on such representation, and it appears that such written contract differs materially from the contract actually agreed upon, such written contract may as between the parties thereto be voided on the ground that the purchaser's signature thereto was obtained by fraud. Parol testimony is received in such cases, not to vary the terms of the written contract, but to show that no such contract was actually agreed upon and that the complaining party's apparent assent thereto was not a real assent but was secured by such fraudulent means. Where such fraud is established, the writing purporting to be a contract is declared invalid, since the defrauded party never agreed to the terms thereof."

■ In Labbe v. Corbett, 69 Tex. 503, 6 S.W. 808, 811, the Supreme Court said that the rule asserted in an early English case is the true rule:

"When once it is established that there has been any fraudulent misrepresentation * * * by which a person has been induced to enter into a contract, it is no answer to his claim to be relieved from it to tell him that he might have known the truth by proper inquiry. He has a right to retort upon his objector: 'You, at least,

who have stated what is untrue, * * * for the purpose of driving me into a contract, cannot accuse me of want of caution because I relied implicitly upon your fairness and honesty.'"

This rule has been followed in Texas. See Barron G. Collier, Inc., v. Connelley, Tex.Civ.App., 116 S.W.2d 849; 20 Tex.Jur., p. 59.

In Johnson v. Sugg, Tex.Com.App., 291 S.W. 857, it is held that where a false representation has been made to one who relies upon it and acts to his prejudice, the one making such false representation is estopped to plead that the person to whom it was made was negligent in relying upon his statement.

In Texas & P. Ry. Co. v. Presley, 137 Tex. 232, 152 S.W.2d 1105, in which the Supreme Court adopted the opinion of Mr. Justice Grisson of the Eastland Court of Civil Appeals, it was held that where a fraud induces execution and delivery of a release, the release is voidable even though it contains a statement that no representation induced its making and that no promises not expressed therein were made, and the parties signing the release read it, and knew its contents.

What has been said is sufficient to show that, in our opinion, the learned trial court was in error in sustaining the appellee's special exception No 2.

By special exception No. 3 the appellant raised the question that the petition attempts to set up a cause of action, or at least as a part of his entire suit, an oral agreement to execute an amendment to the existing lease contract so as to incorporate therein an option to purchase the land at any time within one year. Insofar as such allegations would attempt to set up a cause of action for failure to perform such oral agreement and to seek damages therefor, such agreement would come within the statute of frauds. We do not constitute the petition in that way. The matter set forth in this connection is evidentiary only. If the appellee agreed with appellant to so amend the written lease and failed to do so, such agreement to so amend was required to be in writing to meet the requirement of the statute of frauds. It would not be actionable as a false promise made without any intention to keep it. But if appellee or his agent represented to the appellant that the lease actually signed contained such option when it did not do so, and if, thereafter, the appellant discussed the matter with appellee at which time the appellee agreed that the lease did not express the actual agreement and that it would be so amended, the evidence would be admissible, not to fix damages against appellee for failure to carry out such oral agreement, but as an admission against interest. Insofar, therefore, as the petition might attempt to set up a cause of action and seek damages for such failure to carry out an oral agreement to amend the written lease, the action of the district court in sustaining special exception No. 3, would be correct. But insofar as it sets up evidentiary matters, and seeks no recovery for such failure on the part of appellee, then the action of the trial court in sustaining the special exception was incorrect.

For the reasons discussed, the judgment of the district court is reversed and the cause is remanded for another trial.

Reversed and remanded.

### On Motion for Rehearing.

We have again reviewed our former decision and all of the issues involved in this appeal in response to appellee's motion for rehearing. We have also again carefully considered appellee's very able briefs, as well as the argument in support of his motion for rehearing.

It is asserted that this court's holding is directly in conflict with the Supreme Court in the case of Douglass v. Texas-Canadian Oil Corp. 141 Tex. 506, 174 S.W.2d 730, and that the case of Sibley v. Southland Life Ins. Co., Tex.Sup. 36 S.W.2d 145, is not authority for our holding.

The opinion in the Douglass Case states that the suit was "for actual and exemplary damages for * * * alleged breach of an agreement to pay * * * for an oil, gas and mineral lease * * *." To the same effect is the opinion of the Court of Civil Appeals, 169 S.W.2d 198. Both courts held that the draft was not a

sufficient memorandum in writing to make it a completed contract under the statute of frauds, and that the suit therefore was obnoxious to such statute. That is entirely different from the case now under consideration. Here the contract was executed and was complete on its face. The Douglass Case was a suit upon the contract. This case is a suit in tort. There is no conflict in the decision in this case and in that of the Douglass Case. Nor is there any conflict in the decisions of the Douglass Case and the Sibley Case. While appreciating the able and vigorous presentation of this case by appellee's counsel, we see no reason to reverse our former decision.

Appellee also urges that our decision respecting the failure of appellant to read the contract is in conflict with the Supreme Court in the case of Indemnity Insurance Co. v. W. L. Macatee & Sons, 129 Tex. 166, 101 S.W.2d 553, 556. We have again carefully read and considered that case and see no conflict whatsoever. In that case there were no misrepresentations or deceit which prevented the parties from reading the instrument they signed. The opinion in that case says that:

"The sound and practical rule of law in such cases is, that, *in the absence of fraud or imposition,* a party to a contract, which has been voluntarily signed and executed by him, with full opportunity for information as to its contents, cannot avoid it on the ground of his own negligence or omission to read it." (Emphasis ours)

Furthermore, in that case Justice Smedley points out that the record contains no evidence tending to prove that signatures were obtained by any false representation, trick or artifice. That is not the situation in the instant case. The petition here alleges fraud and misrepresentation which induced the appellant to execute the lease contract.

We do not believe this decision leaves any confusion in the mind of the bench and bar of this State with reference to the matters under consideration. Any different holding than has already been made would do that very thing.

The motion for rehearing is overruled.