511 S.W.2d 615 (1974)
In re H----- D-----, Jr.
No. 8472.
Court of Civil Appeals of Texas, Amarillo.
June 24, 1974.
*616 Kolander, Templeton & Hamilton, Hal Miner, Amarillo, for appellant.
Folley, Snodgrass & Calhoun, O. M. Calhoun, Amarillo, for appellee.
ROBINSON, Justice.
Three and one-half years after the entry of a judgment of adoption, appellant, the natural mother, filed an unverified motion to set aside the adoption of her child by its natural father. After a hearing on appellee's special exceptions to the motion, the trial court entered an order denying and dismissing the motion. Judgment is modified and affirmed.
Appellant filed suit for divorce from appellee and for custody of a minor child. Appellee filed an answer and cross petition asserting that the child was born out of wedlock and had been adopted by appellee and that all of appellant's rights to the child had been terminated by the judgment of adoption.
Appellant then filed a motion, which is before us on appeal, to set aside the adoption in the original adoption case, requesting that her motion be considered as an equitable bill of review. She has brought the record in the original adoption case before this court on appeal. The record before us reveals that appellee's petition to adopt and appellant's consent to the adoption both recite that the child in question was born out of wedlock. The judgment of adoption includes a finding that the facts set out in the petition are correct.
By her motion to set aside the adoption, appellant alleges that the child was the legitimate offspring of a valid common law marriage of appellant and appellee. She contends that a legitimate child cannot be adopted by its own parent and that the adoption decree is void. She alleges that appellee induced her to sign the consent by fraudulent representations. She further alleges that she and appellee, the child's father, lived together in common law marriage after the adoption and that they were divorced in November, 1971, and remarried in March, 1973.
Appellee replied by special exceptions asserting among other matters that the motion failed as a bill of review because it was not verified and because it did not allege that appellant was not negligent in the entry of the judgment of adoption. The trial court sustained the exceptions and denied and dismissed appellant's motion.
In Alexander v. Hagedorn, 148 Tex. 565, 226 S.W.2d 996 (1950), the Supreme Court stated that before a litigant can successfully invoke the equitable jurisdiction of the court to set aside a final judgment on direct attack, he must allege and prove (1) a meritorious defense to the cause of action alleged to support the judgment, (2) which he was prevented from making by the fraud, accident or wrongful act of the opposite party, (3) unmixed with any fault or negligence of his own. The Court said
"Fraud in its relation to attacks on final judgments is either extrinsic or intrinsic. Only extrinsic fraud will entitle *617 a complainant to relief because it is a wrongful act committed `by the other party to the suit which has prevented the losing party either from knowing about his rights or defenses, or from having a fair opportunity of presenting them upon the trial. Such, for instance, as where he has been misled by his adversary by fraud or deception, did not know of the suit, or was betrayed by his attorney. In other words, fraud which denied him the opportunity to fully litigate upon the trial all the rights of defenses he was entitled to assert. "Intrinsic fraud" in the procurement of a judgment is not ground, however, for vacating such judgment in an independent suit brought for that purpose. And within that term is included such matters as fraudulent instruments, Perjured testimony, or any matter which was actually presented to and considered by the trial court in rendering the judgment assailed." State v. Wright, Tex.Civ.App., 56 S.W.2d 950, 952."
In addition, the allegations of a bill of review must be verified by the plaintiff or, if the facts alleged are peculiarly within the knowledge of the attorney, by his attorney. McCann v. Ward County, 423 S. W.2d 339 (Tex.Civ.App.El Paso 1967, writ ref'd n. r. e.).
The adoption petition alleged that the child was born out of wedlock and the question was before the trial court for consideration in rendering the adoption judgment. Any false allegations or perjured statements made by appellee were intrinsic to the cause of action for adoption and are not such fraud as will support a bill of review. Davis v. Winningham, 483 S.W.2d 535 (Tex.Civ.App.Amarillo 1972, writ ref'd n. r. e.).
Assuming that the child was not born out of wedlock as alleged in the adoption petition and further assuming that proof of the allegation that the child was in fact the legitimate offspring of a common law marriage of appellant and appellee would establish a meritorious defense to the adoption suit terminating appellant's parental rights, appellant still has the burden of pleading and proving that she was not negligent or at fault in failing to make her defense.
Appellant does not contend on appeal that the trial court erred in holding that her pleadings failed to show that she was not negligent in allowing the adoption judgment to be entered or in finding that the pleadings were insufficient for lack of verification. Appellant does assert by point of error that "the trial court erroneously sustained respondent-appellees (sic) special exceptions, for the reason that appellant should have been given a chance to amend and cure the possible errors contained therein."
The general rule in this regard was stated in McCamey v. Kinnear, 484 S.W.2d 150 (Tex.Civ.App.Beaumont 1972, writ ref'd n. r. e.), as follows:
"When special exceptions addressed to a pleading are sustained, the party has two options available to him: (a) he may amend to meet the exceptions and this he may do as a matter of right; or, (b) he may stand upon his pleadings, refuse to amend, and test the validity of the ruling upon appeal."
In cases such as this where it is apparent that the litigant seeks to bring an equitable bill of review, he should, upon request, be permitted a reasonable opportunity to amend his pleading after exceptions are sustained. However, the record does not show that appellant asked leave to amend to meet the special exceptions either before or after the court announced its intention to dismiss the case. To the contrary, immediately before the court announced its ruling, appellant's counsel, in contending that the adoption judgment was void, stated:
"I don't think there is any question as to what the Texas Courts are going to qualify (sic) it and if you do sustain the motion, *618 I'm requesting permission to perfect a bill of exception."
After the court announced that appellant's motion for dismissal was granted, appellant's counsel stated,
"I'm requesting permission to perfect a Bill of Exception for appeal, with the Court reporter and my witnesses. It will take me about an hour."
Appellant's statements are consistent with an election to stand on her pleadings and test the validity of the trial court's ruling on appeal. Under the circumstances, we find that the trial court did not err in dismissing the cause without first granting leave to amend. Harmon v. City of Dallas, 229 S.W.2d 825 (Tex.Civ. App.Dallas 1950, writ ref'd n. r. e.).
By her remaining points of error and the argument thereunder, appellant complains that the trial court refused to hear evidence on her allegations and refused to permit her to prepare a bill of exceptions to preserve the tendered testimony for appeal.
In testing the sufficiency of pleadings on special exceptions, the trial court must take the allegations of the petition as true. Farias v. Besteiro, 453 S.W. 2d 314 (Tex.Civ.App.Corpus Christi 1970, writ ref'd n. r. e.). Likewise on appeal the appellate court must assume that the allegations of the petition are true in determining the correctness of the trial court's action in sustaining special exceptions. Powell v. Andrews, 220 S.W.2d 718 (Tex.Civ.App.Texarkana 1949, writ ref'd n. r. e.). That being the rule, it was not error to refuse to hear evidence on a hearing on special exceptions and appellant cannot be harmed by the refusal to permit her to prepare a bill of exceptions concerning what her testimony would have been if she had been permitted to develop it.
A judgment denying and dismissing a petition is a contradiction in terms. The proper judgment when special exceptions eliminate an essential part of the cause of action is one of dismissal. The judgment is accordingly modified dismissing the motion to set aside the adoption judgment. As modified, the judgment is affirmed.