Philip Lindsley et al. v. Fannie Sparks et al.

Decided December 17, 1898.

1. Pleading—Excuse for Delay.

A petition in a suit brought after an adjournment of the term to set aside an agreed judgment upon the ground that the plaintiff's signature to the agreement was forged, need not, to excuse the "delay," allege more than that the fraud practiced upon the petitioner was not discovered until it was too late to bring it to the attention of the court during the term.

2. Equitable Relief from Judgment—Fraud—Forgery—Mistake of Fact.

Equity will relieve against an agreed judgment where the name of one plaintiff was forged by the other plaintiff to the agreement, although the defendant was ignorant thereof, such judgment being entered under a mistake of fact.

3. Court and Jury—Conflicting Evidence.

It is the peculiar province of the jury to determine questions of fact on conflicting testimony.

4. Res Judicata—Plea Waived—Practice on Appeal.

A question as to res judicata can not be considered on appeal where the issue in that respect was not included in the verdict, and appellants did not request the court to submit it to the jury, and do not assign error to the court's action in refusing to set aside the verdict and grant a new trial upon that ground.

Appeal from Dallas. Tried below before Hon. W. J. J. Smith.

*Henry & Crawford,* for appellants.

*J. R. Cole, Jr.,* and *Cockrell & Muse,* for appellees.

STEPHENS, Associate Justice.—Involved in this controversy is a house and lot in the city of Dallas, mortgaged by James M. Sparks, August 13, 1892, to secure the payment of a note for $600 in favor of James R. Mitchell. In December, 1894, James M. Sparks and his wife, Fannie Sparks, brought suit in the District Court of Dallas County to set aside the mortgage, upon the ground that the house and lot was their homestead at the date of the mortgage, and hence not subject thereto. On April 24, 1895, an agreed judgment was entered in that case denying them the relief sought.

This suit was brought by Fannie Sparks, joined by her husband, after the adjournment of the court at which the agreed judgment was entered, to set that judgment aside upon the ground that her name had been forged to the written agreement in pursuance of which it was entered, alleging that it had been so entered without her knowledge or consent, and that she did not learn of the judgment until after the adjournment of the court. Upon a trial of the issues thus made she prevailed. Hence this appeal.

It is first insisted in appellants' brief that her petition was subject to a general demurrer, and especially in that it failed to show a sufficient excuse for not taking steps to set aside the judgment during the term

at which it was rendered; but we do not so construe the petition and the law. We think she could not reasonably be expected to have anticipated that an agreed judgment would be entered upon a forged agreement depriving her of whatever rights she had in the premises, and hence that she was not required to do more than allege—as she did—that the fraud thus practiced upon her was not discovered until after it was too late to bring it to the attention of the court during the term at which the judgment was rendered.

The fact that her husband alone was guilty of the forgery, thereby deceiving her attorneys, and the further fact that the defendants in the suit were ignorant of the forgery, would make no difference. The judgment was entered under a mistake of fact, and operated such a fraud upon her as that the parties in whose favor it was rendered could not avail themselves of it and remain guiltless, however ignorant they may have been in the first instance.

We are therefore clearly of opinion that the petition stated good ground for equitable relief, and that it was not subject to demurrer.

We find no merit in the assignments complaining of the admission and exclusion of testimony.

The judgment rests upon a special verdict, finding (1) that Fannie Sparks did not sign the agreement for judgment herself; (2) that her name was not signed thereto by anyone having authority so to do; (3) that she did not afterwards ratify the agreement; (4) that she did not know of the agreement and of the nature and effect thereof, or that a judgment had been rendered, at any time prior to the adjournment of the court for the term at which the judgment was rendered; (5) that she did not authorize her attorneys or any one of them to act for her in making said agreement; (6) that she and James Sparks, when they removed from the premises in controversy as a place of residence, did not abandon the same permanently as a residence homestead; (7) that at the time of the execution of the mortgage the same was also the business homestead of James Sparks; (8) that James Sparks made an affidavit to the effect that it was not his homestead, for the purpose of procuring the loan; (9) but that the agents making the loan for Mitchell did not believe the representations made in the affidavit to be true, and did not rely upon the same in making the loan, and were not induced thereby to make it; (10) that Fannie Sparks received no part of the money so procured; (11) that she did not know that her husband made the affidavit at the time of said loan; (12) that the reasonable value of the use and occupation of the premises from the 6th day of July, 1895, to the date of the judgment was $315; (13) that $25 was the market value of the billiard table, ice chest, counter and beer pumps levied upon by the sheriff on July 6, 1895.

Upon the issues submitted at the request of appellants, the jury further found that the attorneys who represented her when the agreed judgment was entered were duly authorized by Fannie Sparks to represent

her as attorneys in the case; that she did not know that her case had been settled before the expiration of the term of the court; that neither the defendant nor the agent representing him had any notice of the fact that the agreement had not been signed by Fannie Sparks at the time judgment was entered; that the house in controversy was used as a saloon and gambling house at the time the loan was made, but that neither James nor Fannie Sparks had any connection with or interest in the gambling uses and purposes.

These findings, if warranted by the evidence, together with such additional facts as, under article 1331 of the Revised Statutes, the court should be deemed to have found in such manner as to support the judgment, there being evidence to sustain such further findings, are amply sufficient. It is insisted, however, that a new trial should have been granted, because of the insufficiency of the evidence to sustain the special verdict upon the material issues submitted; but we are unable to sustain this contention, seeing that the record clearly presents in this respect a case of conflicting testimony, which it was the peculiar province of the jury to determine.

Nor do we find any merit in the assignments complaining of the court's action in submitting these issues. The charges given were substantially correct, and those refused the court should not have given.

But, if mistaken in this, and the charge was erroneous in submitting the issue of a business homestead, it would not require the judgment to be reversed, inasmuch as the fact of a residence homestead still remained. We need not, therefore, discuss the question raised as to the effect of the gambling use to which the upstairs of the house seems to have been devoted, and especially so as the verdict does not inculpate either James Sparks or his wife.

The thirteenth assignment of error, which is submitted as a proposition, reads: "The court erred in rendering judgment for appellees, for the reason that the evidence was of record and undisputed that appellees on the 5th day of July, 1895, instituted in the same court a proceeding to annul and set aside the judgment in Sparks v. Mitchell, and that a second judgment was rendered adversely to appellees, which judgment is in full force and effect, and a bar to the maintenance of the present suit."

As this issue of res adjudicata was not included in the verdict, and appellants did not request the court to submit it to the jury, and do not assign error to the court's action in refusing to set aside the verdict and grant a new trial upon this ground, it is in effect eliminated from this appeal. The judgment rests upon the special verdict and facts in the record supporting it, but it can not be overturned by the undisputed proof of issues not included in the verdict. Nor can it be set aside because of the court's failure to submit an issue established by the evidence which the party complaining has failed to request the court to submit. Rev. Stats., art 1331. But if appellant could be excused for not request-

ing the court to submit this issue to the jury, they should at least have assigned error to the court's refusal to grant a new trial upon this ground.

Finding no merit in any of the assignments of error, we affirm the judgment.

*Affirmed.*