## EDDINGSTON v. ACOM.    (No. 1296.) *

(Court of Civil Appeals of Texas. Beaumont. July 5, 1926. Rehearing Denied Oct. 13, 1926.)

**1. Judgment ⬅️378—Judgment holding defendant liable on agreement in bill of sale will be set aside on production of copy of bill of sale showing no liability.**

Judgment which held defendant liable in certain sum on agreement in written bill of sale will be set aside on production of copy of bill of sale which was not produced at trial because misplaced in attorney's file showing no agreement to pay, even though there was slight negligence by defendant in contesting suit.

**2. Judgment ⬅️343.**

Defendant, held liable on alleged agreement in written bill of sale, *held* not negligent in contesting suit, though copy of bill of sale showing no liability could not be found in time to prevent judgment.

Appeal from District Court, Jefferson County; J. D. Campbell, Judge.

Suit in equity in the nature of a bill of review by A. T. Eddingston against O. H. Acom and others, in which a temporary injunction was granted. Judgment dismissing the suit and dissolving the temporary injunction on motion of named defendant, and plaintiff appeals. Reversed and remanded, with instructions.

Conley & Renfro, of Beaumont, for appellant.

Smith, Crawford & Sonfield, of Beaumont, for appellee.

HIGHTOWER, C. J. This was an original suit in equity in the nature of a bill of review, filed in the district court of Jefferson county (Sixtieth judicial district) by the appellant, A. T. Eddingston, as plaintiff below, against O. H. Acom, G. O. Daniels, and L. L. Eden. Appellant's purpose in bringing the suit was

*Writ of error refused December 1, 1926.

Tex.)     EDDINGSTON v. ACOM     97 .

(287 S.W.)

to have reviewed, canceled, and set aside as to himself a certain money judgment that had been rendered by the same district court in favor of the appellee here, Acom, against appellant, Daniels, and Eden, for the sum of $6,605.92. The style of the cause in which that judgment was rendered was O. H. Acom v. A. T. Eddingston et al., No. 17707 on the docket of the district court. That judgment will be hereinafter referred to as the judgment in the former suit, and it will be found reported in the Southwestern Reporter, vol. 259, at page 948. The opinion was by this court, and a full, and complete statement of facts underlying the controversy, as well as its history and final determination, will be found in the opinion of this court on the former appeal, and no useful purpose would be served by reiterating the facts which give rise to the controversy between the parties in the former suit, and we will therefore not undertake to do so.

This suit was filed almost immediately after the judgment in the former suit had become final, and the grounds upon which that judgment is attacked by the bill in this suit were that appellant, Eddingston, was prevented from making a full and complete defense against Acom's cause of action in the former suit by accident and mistake. The bill in this suit alleges, in substance, that the former suit between the parties had been pending in the district court of Jefferson county for more than two years before Acom in that suit claimed by amended petition that appellant had agreed and promised in the written bill of sale which was executed to him by Daniels and Eden to assume and pay the indebtedness that Daniels and Eden owed to Acom for merchandise, etc., while Daniels and Eden were engaged in the business of rice farming during the years 1919 and 1920; that such allegation was not made by Acom in the former suit until on the morning of May 3, 1923, the day on which the former suit went to trial; that up to that time it had only been claimed by Acom in the former suit that appellant, Eddingston, was liable to Acom on the theory that he was a partner in the rice business with Daniels and Eden; that when the former suit was reached for trial and the allegation was made by Acom for the first time that appellant promised in the written bill of sale to assume and pay off the indebtedness owed by Daniels and Eden to Acom, appellant's main attorney, Hon. John M. Conley, was engaged in the trial of an important civil suit then pending on the docket of the district court of Orange county, and that the said Conley had been so engaged in the Orange county litigation for a period of some 10 days at the time the former suit between the parties was called for trial, and that it was impossible for the said Conley to leave the Orange case and return to Beaumont to represent appellant in the former suit, and that appellant was represented in that suit by

Mr. P. D. Renfro, who had just recently before become associated in the law practice with Judge Conley; that when Mr. Renfro, on the morning that the former suit went to trial, discovered in the amended petition of Acom that he was asserting personal liability against appellant as defendant in that suit, on the ground that he had agreed in the written bill of sale to assume the payment of the Daniels and Eden indebtedness, he (Mr. Renfro) stated to Hon. E. A. McDowell, who was then the judge of the Sixtieth judicial district, that he could not go into trial in the former suit because the bill of sale from Daniels and Eden to Eddingston was locked up in Judge Conley's safe in his law office, and that Mr. Renfro did not have access to the safe and did not know the combination, and that Judge Conley's stenographer. Mrs. Beulah Morrison, was also absent from Judge Conley's office, and was with him attending the trial of the litigation in Orange county, and that it would be impossible for Mr. Renfro to get into Judge Conley's safe and get the bill of sale so that it might be used upon the trial of the former suit until Judge Conley could return to his office in the city of Beaumont and unlock the safe; that thereupon Hon. E. A. McDowell stated to Mr. Renfro that he was very anxious for the former suit to go to trial, for the reason that it had been pending a long time, and that, the case being tried before the court without a jury, if counsel for Eddingston would proceed, the court would permit the bill of sale to be introduced in evidence as soon as it could be procured from Judge Conley's office, and that the court would give such effect to that instrument, when produced, as it should have; that, being promised by Judge McDowell that the bill of sale would be permitted in evidence and given its proper legal effect, as just stated, Mr. Renfro, as the only counsel for appellant in the former suit, proceeded to trial, after having fully denied under oath for his client that there was any partnership existing between Eddingston, Daniels, and Eden, and after having denied fully under oath that Eddingston had ever agreed in the bill of sale or otherwise to assume the indebtedness owed by Daniels and Eden to Acom; that, as soon as the evidence was all introduced upon the trial of the former suit, and on the next day after the trial had commenced, Hon. E. A. McDowell immediately announced from the bench that the judgment in that suit would be in favor of Acom, the plaintiff, against Eddingston, Daniels, and Eden for the full amount claimed by Acom, and that Hon. E. A. McDowell did, immediately upon conclusion of the evidence in that suit, render such judgment against appellant, Daniels, and Eden for the full amount that was claimed by Acom in that suit; that appellant's attorney, Mr. Renfro, had been unable up to the time the evidence in the former suit was concluded to get into Judge Conley's safe and get the bill of

287 S.W.—7

sale, by the terms of which Acom was claiming appellant had assumed the payment of the indebtedness owed him by Daniels and Eden, and that in fact the bill of sale was not in Judge Conley's safe, as appellant, in good faith, believed it to be at the time the announcement of ready for trial was made by his attorney in that suit, but that, on the contrary, the bill of sale had been, by accident, put in the wrong file in Judge Conley's law office, and was not discovered by the most extraordinary efforts to do so until shortly after the opinion of this court had been rendered on the former appeal affirming the judgment of the district court in that suit; that both Judge Conley, his stenographer, Mrs. Morrison, Mr. Renfro, and others were extraordinarily diligent in trying to find the bill of sale from Daniels and Eden that all of them believed had been placed in Judge Conley's safe; that Mrs. Morrison, Judge Conley's stenographer, was taken suddenly ill after her return from Orange, and was confined to bed, where she remained for some 9 weeks, and could not thereafter pursue her search for the bill of sale, which appellant and his attorneys all thought was locked up in Judge Conley's safe; that, when Mrs. Morrison became too ill to pursue the search for the bill of sale, extra assistance was invoked and procured in searching for the bill of sale, but without success.

It is further alleged in the bill in the present suit that, as soon as the bill of sale or the carbon copy thereof was discovered to be in another and different file from where it should have been, the same was immediately called to the attention of and shown to G. O. Daniels, who, as a witness for Acom in the former suit, had testified orally that there was a provision in the bill of sale by which Eddingston had agreed to assume and would pay the indebtedness owed by Daniels and Eden to Acom, and that Daniels then and there immediately admitted and made affidavit to the fact that he was mistaken in his testimony in the former suit, wherein he had testified that appellant had assumed to pay the indebtedness owed by himself and Eden to Acom, and that, as soon as his affidavit was procured to the carbon copy of the bill of sale, fully identified, the same was attached to a motion for a rehearing in this court in the former suit, but that this court held that it could not consider such affidavit of Daniels or any one else on motion for rehearing in this case, and thereupon overruled the motion for rehearing, and the judgment became final. It is further alleged in the bill that Daniels, in his testimony in the former suit, to the effect that appellant had agreed and bound himself to assume the payment of the indebtedness owed by Daniels and Eden to Acom, was honestly mistaken, believing at the time that appellant had bound himself in writing in the bill of sale to assume such indebtedness, but that in truth and in fact, as shown

by the carbon copy of the original bill of sale, there was no such assumption by appellant and the only theory upon which there could be any pretense of appellant's liability to Acom was that appellant was a partner in the rice business with Daniels and Eden, and that this court, upon the former appeal, had denied appellant's liability upon such theory of partnership; that appellant's failure and inability to offer the carbon copy of said bill of sale in evidence upon the former trial and thereby defeat the false and unjust claim on the part of Acom, that appellant had agreed to assume the payment of the indebtedness of Daniels and Eden, was caused by the copy of the bill of sale being accidentally placed in a wrong file in Judge Conley's office; and that but for such accident and mistake the carbon copy of the bill of sale would have been produced and offered in evidence, and it would have been thereby shown and held that there was no liability whatever of appellant to Acom.

Upon these facts, stated substantially, it was prayed in the present bill that the district court review the former judgment, cancel and set it aside on the ground that it was procured by accident and mistake, and, in addition, appellant prayed that a temporary writ of injunction be granted preventing the enforcement of the former judgment until this suit could be disposed of. The bill is very lengthy, and it would serve no useful purpose to set it out more at length. There are attached to the bill a number of affidavits, that of Judge Conley, Mrs. Morrison, his stenographer, G. O. Daniels, L. L. Eden, and Mr. Renfro. The affidavit of Judge Conley is to the effect that he dictated the bill of sale from Daniels and Eden to appellant, its date being January 17, 1921, and that by mistake or accident the carbon copy that was afterwards discovered was placed in a wrong file in his office. The affidavit of Mrs. Morrison is substantially to the same effect. The affidavit of L. L. Eden is to the effect that he had examined the carbon copy of the bill of sale since it was discovered, and he identifies it as being a true copy of the original bill of sale, showing no agreement or promise on the part of appellant, Eddingston, to assume the payment of Acom's account. It was further shown in the affidavit that the original bill of sale is lost and cannot be produced.

Acom answered by general demurrer, many special exceptions, by general denial, and by special denial of all the material allegations contained in appellant's bill. Later counsel for Acom filed a motion in the district court to dissolve the temporary injunction which had been granted enjoining the enforcement of the former judgment, and also to dismiss the bill itself. This motion was heard and considered by the district judge, and was in all things sustained, and appellant's suit was dismissed, and the temporary injunction dis-

solved, and it is from this ruling that this appeal is prosecuted.

[1, 2] It was contended in appellee's motion to dismiss appellant's bill that no equity was shown in the bill, and that, therefore, the suit should be dismissed. After giving this record very careful consideration, and after a review of a number of authorities cited by counsel for both sides, we have concluded that the trial judge was in error in dismissing appellant's suit for want of equity. The affidavits of the credible persons which are attached to this bill, showing that the carbon copy of the bill of sale that was found too late to permit its introduction in evidence on the trial of the former suit, leaves no room for quibbling about the genuineness of the carbon copy of this bill of sale, and this copy refutes wholly the testimony that was given by Daniels orally on the trial of the former suit that appellant, by the written bill of sale, had assumed the payment of the indebtedness owed by himself and Eden to Acom, which, as we have shown, was the only possible theory upon which that judgment could be sustained. And now it is manifest that an unjust and unconscionable judgment has been rendered against the appellant in this case upon a claimed cause of action that did not, in fact, exist, and that he has been mulcted by that judgment in the sum of approximately $7,000 in favor of appellee, Acom, when appellant has never owed to Mr. Acom one penny, so far as this record shows, and besides, as this record shows, appellant has lost large sums of money by reason of indorsements for Daniels and Eden, and in the way of cash actually furnished them in addition. This record discloses, without contradiction, that the small amount of rice and farming implements, etc., that were purchased by appellant from Daniels and Eden was of insignificant value compared to the large sums of money that they owed appellant at the time they executed to him the bill of sale. Mr. Acom had no mortgage or lien upon any of the property that was covered by the bill of sale from Daniels and Eden to appellant, and there is nothing in this record to indicate any reason in good conscience why the appellee should be permitted to hold and enforce the unjust and unconscionable judgment against appellant that he obtained in the former suit. It is not necessary to hold, and appellant is not asserting, that there was any actual fraud perpetrated upon appellant by anybody in the former suit, but it is clear and certain to us that the judgment taken by Acom against appellant in the former suit resulted from the fact that the carbon copy of the bill of sale was not placed in appellant's attorney's safe, as they thought it was, but by mistake and accident was placed in a wrong file in his attorney's office, and, after diligent search, and extraordinary diligence we think, they were unable to produce it and defeat the unjust judgment that has been obtained against appellant in this suit.

We have not overlooked the contention made by able counsel for appellee that Eddingston filed no motion for a new trial in the former suit, and that it was his duty to do so and thereby attempt to defeat, as far as he could, the judgment in the former suit. The way we look at the situation, it is apparent to us that a motion for a new trial before Judge McDowell in the former suit would have been wholly fruitless. Judge McDowell in that case held that Eddingston was liable, both as a partner with Daniels and Eden and also on his assumption of their indebtedness to Acom, as was testified to by Daniels orally in the former suit. At the time Judge McDowell's court adjourned, and judgment in the former suit had become final, the bill of sale nor the copy had been found by appellant or his attorneys, and it would have been impossible to have produced it at that time, and it is unreasonable to suppose that Judge McDowell, after finding in favor of Acom on both the theory of partnership and the assumption by appellant of the indebtedness of Daniels and Eden, based upon Daniels' testimony in that suit, would have set that judgment aside, and especially so since it was alleged by counsel for Eddingston in that suit that the bill of sale was in Judge Conley's office, and, since, according to that contention, it was within the power of Eddingston and his attorneys to produce the bill of sale and thereby refute the oral testimony of Daniels in the former suit, it is most unreasonable to suppose that Judge McDowell would have changed his finding as made by him that Eddingston had agreed in the written bill of sale to pay off the Daniels and Eden indebtedness. Nor can it be contended that appellant and his counsel were not making every effort that they could to get behind the former judgment. They promptly prosecuted an appeal and ably briefed it in this court, attacking the judgment in that case, both on the theory of partnership and assumed liability, and, after they were ruled against in this court, as we thought we were compelled to do, they still pursued their efforts to get behind the former judgment by applying to the Supreme Court for writ of error, which was dismissed for want of jurisdiction. We think that it is reasonably clear from this record and in that of the former appeal that appellant nor his counsel has been guilty of negligence or lack of diligence in contesting the suit against him. But, even if there were slight negligence or want of diligence on their part, yet this court would not be disposed to permit a judgment so unjust and unconscionable as this to stand.

There is no necessity for discussing any of the authorities cited by counsel in this case. They do not differ as to the rules governing a suit in equity of this nature. The only difference between them is that counsel for appellee claims that no equity was shown in the bill in this case, whereas counsel for appellant maintain, and we agree, that there is the

strongest kind of equity in the bill, and that a court of equity should not turn a deaf ear to an admittedly false and unconscionable judgment.

It follows from these conclusions that the judgment should be reversed and the cause remanded, with instructions to the trial court to set aside his order dismissing appellant's suit, and to reinstate the same upon the docket, and to proceed to try it upon its merits.