## RISINGER v. FIRST STATE BANK OF ABERNATHY. (No. 3144.)

Court of Civil Appeals of Texas. Amarillo. Dec. 12, 1928.

C. W. Beene, of Abernathy, for appellant.
Williams & Day, of Plainview, for appellee.

HALL, C. J. The appellee bank filed this suit in the county court of Hale county, against the appellant, Risinger, seeking to recover damages for the conversion of certain cotton upon which the bank alleges it had, in a former action against one Moorehead and Risinger, foreclosed its chattel mortgage lien. The case was submitted to a jury upon only one issue, as follows: "What was the value of the eight bales of cotton taken by the defendant from the Moorehead place?" In answer to this issue, the jury found the value of the cotton to be $342.96. From a judgment entered in accordance with the verdict, Risinger prosecutes this appeal.

The appellant's brief does not contain any assignments of error, and for that reason is fatally defective and cannot be considered. Numerous other objections to the brief are urged by appellee, and most of them are meritorious; but, in view of the disposition we make of the appeal, it will not be necessary to discuss these defects.

In the absence of a proper brief, it is the duty of this court to inspect the record for fundamental error, if any. The petition of appellee in the trial court is insufficient as against a general demurrer, because it fails to allege the value of the cotton converted. Johnson v. Oswald (Tex. Civ. App.) 151 S. W. 1164.

The issue submitted and answered does not support the judgment, in that the issue fails to inquire of the jury as to the market value of the property at the time and place of the alleged conversion. Youree v. Bradley (Tex. Civ. App.) 275 S. W. 410.

The bank did not request an issue inquiring whether Risinger had converted any cotton. Having failed to request the submission of this issue, it has been waived, and since it is a "controlling and independent ground of recovery," and an "original basis for the judgment," this court cannot presume that the trial court found that Risinger was guilty of conversion. The presumption which prevails here under this state of facts is that the bank waived the issue. Ormsby v. Ratcliffe (Tex. Sup.) 1 S.W.(2d) 1084.

Since the judgment must be reversed and the cause remanded for another trial because of the fundamental errors set out above, we will call to the attention of counsel and the trial judge the fact that Risinger has no pleadings under which he can require the bank to marshal its securities. We are not able to determine from the record whether the liability of Risinger was or should have been determined in the original foreclosure suit, so as to estop the bank from suing for conversion in this case under the rule announced in Cleveland v. Ward, 116 Tex. 1, 285 S. W. 1063, and Long v. Martin, 116 Tex. 135, 287 S. W. 494. In either event, Risinger has not pleaded res judicata or estoppel by judgment, and, in the absence of such pleading, that matter is not before either the trial court or this court. Lindsley v. Sparks, 20 Tex. Civ. App. 56, 48 S. W. 204.

For the errors pointed out, the judgment is reversed and the cause is remanded.