Jackson & Crawford, of Crystal City, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

MARTIN, J.

Offense, willfully killing a horse with intent to injure the owner; penalty, a fine of $50.

Appellant appeared at the home of the prosecuting witness riding a horse with a thirty-thirty Winchester rifle on his saddle. This horse had a gap broken off its left fore foot which caused it to make a distinctive track. Prosecuting witness left appellant at his home, and on his return two of his horses had been shot, one of which died. Appellant had a dog following him. Witness and the sheriff of the county took up the track of the horse ridden by appellant and followed a chain of tracks which appeared to be accompanied by a dog to where the horses were wounded and from thence to appellant's home. A witness nearby heard some shots and heard a voice, which he recognized as that of appellant, calling a dog. The voice came from the direction of the shots and only a short distance

## SMITH v. RAWLINS.
### No. 10484.

Court of Civil Appeals of Texas. Dallas.
Feb. 1, 1930.

Rehearing Denied March 1, 1930.

George Sergeant, of Dallas, for appellant.

McCormick, Bromberg, Leftwick & Carrington, of Dallas, for appellee.

JONES, C. J.

This suit was instituted by appellant, J. Y. Smith, in a district court of Dallas county, to set aside certain orders of such court, entered at the instance of appellee, W. H. Rawlins, and from an adverse judgment appellant has duly perfected an appeal to this court. The suit is in the nature of a bill of review, and the following is a sufficient statement of the facts:

Appellant instituted suit against appellee because of alleged injuries suffered by him by reason of an alleged mistake by appellee, a druggist, in refilling a prescription for medicine that had been theretofore prescribed for appellant by a competent physician; that appellant, in ignorance of the mistake made by appellee in compounding the prescription, used such medicine as he had theretofore done when the prescription was formerly filled, but because of the mistake of appellee, appellant suffered great pain and serious permanent injuries. The allegations of the petition are sufficient to state a cause of action for damages. At the time the suit was filed, appellant deposited the sum of $5 for the purpose of paying for service and other costs incident to its filing; that after the suit was filed, appellee incurred very heavy costs, amounting to approximately $90, in the taking of depositions; that, at the instance of appellee, a rule for costs was entered, and appellant attempted to comply with same, and after he had exercised due diligence to do so, he deposited with the clerk the additional sum of $30, which was insufficient to secure the costs that had already accrued by virtue of appellee's action in the matter of taking depositions; that he further attempted to comply with the rule for costs, in excess of the money deposited, by filing a pauper's affidavit; that appellee contested this affidavit and the court sustained such contest and entered an order requiring appellee to give a cost bond or to deposit an additional sum of $100; that, at the time of this order, which was at the same term of court, the rule for cost was entered, appellant believed he would not be able to comply therewith, and through his attorney in open court announced such belief to the trial court, requested the court to enter an order of dismissal at that time rather than on the first day of the next term, so that he might at once perfect an appeal from the action of the court refusing him the right to prosecute his suit on affidavit in lieu of a cost bond; that the order of dismissal was entered on July 7, 1927, to which order appellant duly excepted and gave proper notice of appeal; that appellant was unable to file the bond for appeal and attempted to perfect said appeal by making the statutory proof of his inability to give a bond or to secure the costs of the appeal; that this proof, having for its basis the affidavit of appellant, was heard before the county judge of Dallas county and contested by appellee; that, after the hearing, the county judge denied to appellant the right to appeal by a pauper's affidavit and required such appeal to be perfected by the filing of a statutory bond. Appellant was unable to give such bond, but he was able, by the aid of friends, to then meet the requirement of the court, that he must deposit the sum of $100, in lieu of a cost bond, and on the 6th day of September, 1927, during the same term of the court at which the cause was dismissed, deposited with the clerk of the court the sum of $100, whereupon the court of its own motion and on the oral motion of appellant reinstated the case on the docket of the court; that this order of reinstatement was entered on September 6, 1927, more than thirty days after the order of dismissal.

In June, 1928, at another term of the district court, the reinstated case was set for trial, and on July 5, 1928, more than two years after the accrual of his cause of action, appellee presented a motion to set aside the order of September 6, 1927, reinstating the case on the docket, on the ground that under subdivision 30 of article 2092, R. S., the order of dismissal of July 7, 1927, had become final prior to the reinstatement order of September 6, 1927, and the court thereby had lost jurisdiction of the case and such order of reinstatement was void. This motion was sustained and the order of reinstatement set aside and the case again dismissed.

On July 16, 1928, appellant filed a petition in the same court, in the nature of a bill of review, alleging the facts above stated, and that he now had on deposit with the clerk of the district court, approximately, the sum of $150, in full compliance with the court's requirement as to the costs, alleging that he had a meritorious cause of action, as shown by his original petition filed in such cause, which petition was attached to the petition for review and made a part thereof. He prayed that the orders of dismissal heretofore entered be set aside, and that his cause be reinstated for trial. A general demurrer was sustained to this petition, and the cause is before this court for review of this ruling, on proper assignments of error.

Appellant's petition in his original cause of action shows that he had suffered serious injuries, occasioned by the wrongful acts of appellee. The policy of the law is, that appellant should have his day in court for the purpose of establishing the alleged wrong perpetrated on him and recovery of his resultant damages. His right to a day in court, however, is guaranteed to him only on the condition that he comply with the rules of procedure provided by law for the filing of a suit and its trial in court. One of these rules of procedure is the giving of a bond for costs at the instance of either the officers of the court or the defendant in the litigation.

This rule of procedure does not shut the door to a litigant who is too poor to comply with its requirements, but permits such person, nevertheless, to prosecute his suit, if he shall file an affidavit that he is too poor to pay the costs and is unable to give security therefor. Article 2070, R. S. 1925. This statute gives the right of contest, as to the truth of the facts stated in the affidavit, and appellee availed himself of this right, and on the hearing of the contest it was judicially determined that appellant was not entitled to prosecute the suit by affidavit in lieu of a cost bond. As a result of the contest, the court entered an order requiring appellant either to file a cost bond or, in lieu thereof, to deposit with the clerk of the court the sum of $100. At the time this order was entered, appellant believed he was entitled to maintain his suit under the terms of said article 2070, and that the trial court had erred in holding to the contrary, and desired at once to perfect an appeal from what he believed would be an erroneous dismissal of the case. The law permitted him until the next term of court to comply with the court's order, in reference to securing the costs, before a dismissal of his suit could be entered. However, appellant could waive this time, and, believing that he would be able to perfect an appeal from an order of dismissal by the trial court by making strict proof of his inability to pay the costs, or any part thereof, he waived the time and asked the court for an immediate order of dismissal. He was unable to perfect the appeal in the manner on which he relied, but, after the expiration of more than 30 days from the order of dismissal, was able to comply with the court's rule for costs by depositing with the clerk of the court the sum of money required. The court permitted the deposit and reinstated the case.

If the same rule applied to a district court in Dallas county as applies to all other district courts, except those which come within the provisions of article 2092, there could be no question raised as to the validity of the order of reinstatement. In the district courts that come under the procedure laid down by article 2092, and its various subdivisions, the first order of dismissal became final 30 days after its entry, there having been filed no motion for rehearing, and for which reason the court was without jurisdiction to enter the order of reinstatement. However, subdivision 30 of article 2092, which makes an order or judgment of such courts final in 30 days after date of entry, or after a motion for a new trial is overruled, provides, in effect, that a judgment can be set aside by a proper bill of review after the expiration of 30 days, and this latter procedure appellant has invoked by this suit.

We believe that in the instant case the petition for a bill of review is sufficient as against the general demurrer, and sufficient to give to appellant the right of a judicial determination of the issues made by the allegations in the bill of review. Osborn v. Younger (Tex. Com. App.) 235 S. W. 558. The petition shows that appellant has a meritorious cause of action; it shows a compliance with the court's order as to security for costs within the statutory time for such compliance, had he not mistakenly asked the premature dismissal; it shows that, unless the case is reinstated, his cause of action has become barred by the statute of limitation, and such condition always appeals to a court of equity.

It necessarily follows that this case must be reversed, and remanded for a new trial.

Reversed and remanded.