**DUNLAP v. VILLAREAL et ux.**

No. 9747.

Court of Civil Appeals of Texas.
San Antonio.

March. 11, 1936.

H. L. Faulk, of Brownsville, for appellant.

C. C. Bryant, of Harlingen, for appellees.

SMITH, Chief Justice.

This suit was brought by appellee Felipa L. de Villareal (joined, pro forma, by her husband, Placido Villareal) in the form of trespass to try title, and to set aside, in part only, a judgment rendered at a former term of the court below, in cause No. 6196, in which the title to the land involved was decreed to be in appellee, subject to a deed of trust lien to secure a debt of a third party. It was alleged by appellee that the land had been conveyed to her by Julian Villareal, and she and her husband constituted the same as their homestead in 1922, whereas the foreclosed lien was not attempted to be fixed upon the land until a year later, in 1923. Appellee alleged that the judgment complained of, which was rendered on January 13, 1931, was a consent judgment agreed to by her attorney, and entered "without

consulting" her, and "without her knowledge or consent"; that execution and order of sale was issued upon said judgment, and the land levied on thereunder by the sheriff, on July 13, 1931, but that the resulting advertised sale, for August 4, 1931, was called off when appellee threatened to enjoin same; that an alias execution was issued and levy made on March 10, 1934, but the advertised sale thereunder was restrained by writ of injunction issued at the instance of appellee; that the injunction proceeding was abated and dismissed upon motion of defendant on May 16, 1934, and the land was thereupon sold under execution, and bought in by appellant, B. H. Dunlap, to whom the property was thereupon conveyed by sheriff's deed. Appellee thereafter, on August 31, 1934, brought this action, and in a trial without a jury the court rendered judgment setting aside the former judgment in cause No. 6196 (in so far only as same established and foreclosed the mortgage lien upon the land), and setting aside the execution sale and sheriff's deed, and decreeing title in appellee, freed of the cloud cast by the foreclosure proceedings and sale and conveyance thereunder. Dunlap has appealed.

■ We are of the opinion that the pleadings of appellee did not warrant the judgment setting aside the judgment in the former suit, No. 6196, four years after the expiration of the term at which that judgment was rendered. When analyzed, those pleadings are, in effect, simply, that the judgment complained of was agreed to by appellees' attorneys, and entered as the judgment of the court, without "consulting" appellee, and "without her knowledge or consent," and that said judgment was void because it established a lien upon appellee's land, which was her homestead, to secure the debt of another. There were no allegations that her attorneys had no authority, under their contract of employment, to act for appellee in the particular matters embraced in the judgment, or that they acted in fraud or neglect or disregard of her rights, or that the judgment was procured or rendered through any fraud, accident, or mistake, or any inequitable conduct of the other parties thereto, or without any fault or lack of diligence upon appellee's part, or that she was deprived of the right or opportunity to present her defenses to the suit. There were no allegations that appellee did not learn

of the entry of the judgment in time to move for a new trial at the same term of court or to appeal therefrom by direct appeal or writ of error or to seasonably bring suit to set it aside.

■ While it is true, generally, that an attorney has no authority to compromise the lawsuits of his client, yet "every reasonable presumption is to be indulged in favor of a settlement made by an attorney duly employed, and especially so after a court has recognized such an agreement and entered a solemn judgment on it." Williams v. Nolan, 58 Tex. 708; East Line & R. R. Ry. Co. v. Scott, 72 Tex. 70, 79, 10 S.W. 99, 13 Am.St.Rep. 758; Dwight v. Hazlett, 107 W.Va. 192, 147 S. E. 877, 66 A.L.R. 102, and note.

It has been held, as well, that an attorney has implied authority in a given case, such as this, when he assumes to exercise it. 3 A.&E.Ency. of Law, 368; 6 C.J. p. 645, § 150; U. S. v. Beebe, 180 U.S. 343, 21 S.Ct. 371, 45 L.Ed. 563; East Line & R. R. Ry. Co. v. Scott, supra.

■ And, according to the same authorities, and with good reason, when judgment has been rendered in pursuance of an attorney's agreement thereto, the client must act seasonably if he would set it aside, and may not do so after long acquiescence and silence, after notice of the judgment, and particularly so where, as in this case, the rights of a third party have intervened.

■ It may be that in this case counsel had good reason, and that it was for the best interest of his client, in the exigencies of the case, to agree to the judgment rendered. If so, and in any event, burden was upon appellee to allege, with particularity, such facts as she relied upon to repudiate the conduct of her counsel, and this was particularly so in this case, in which appellee sought to hold on to so much of the judgment as was favorable to her, and nullify all of it which was unfavorable to her. Williams v. Nolan, supra.

■ A solemn judgment of a court should not in any case be lightly set aside after the expiration of the term at which it was rendered. Nor should it be set aside in any case except upon full allegations showing that the complaining party had exercised due diligence to prevent the rendition of such judgment, and to timely move for a new trial, or to appeal, or to bring suit to set it aside. The total absence of such allegations, as in this case,

presents fundamental error, which is also raised in appellant's sixth proposition, requiring reversal.

The judgment is reversed and the cause remanded.