**Guy R. PIERCE, Appellant,**

v.

**TERRA MAR CONSULTANTS, INC. and Enserch Exploration, Inc., Appellees.**

**No. 8520.**

Court of Civil Appeals of Texas, Texarkana.

April 18, 1978.

Rehearing Denied May 23, 1978.

Paul F. Waldner, Houston, for appellant.

Mike Joplin, David K. Meyercord, Strasburger, Price, Kelton, Martin & Unis, Dallas, for Terra Mar Consultants, Inc.

Joe N. McClendon, Dallas, for Enserch Explorations, Inc.

CORNELIUS, Chief Justice.

Appellant, Dr. Guy Pierce, a consulting geologist, was retained by Lone Star Producing Company (now Enserch) to perform certain services in Iran. In March of 1973, Lone Star terminated his contract because of alleged nonperformance, and in response he filed suit for breach of contract. Upon learning that his contract had been terminated as a result of an investigation ordered by Lone Star and conducted by Terra Mar Consultants, Inc., appellant filed another suit against Terra Mar and others[1] for libel and slander and for tortious interference with his contract of employment. During the pendency of the suits, appellant moved to Mexico, and while living there he learned that his attorney, without his consent, had taken a non-suit in each case. Some seven months after the non-suits were taken and when time for motion for new trial or appeal had expired, appellant secured new counsel who filed the instant action as a proceeding in the nature of a bill of review. It involves the Terra Mar case only and seeks to have the non-suit entered in that proceeding set aside and the action reinstated.

Appellees filed special exceptions to the petition for bill of review, alleging that it was insufficient to state a claim for equitable relief because it failed to allege that the non-suit was in any way attributable to an act or omission of the appellees or their attorneys, and the allegations themselves revealed that the non-suit was the voluntary act of appellant himself or his attorney and that appellant failed to act with diligence to prevent the entry of the non-suit or to move to set it aside after discovering that it had been entered. The district court sustained the special exceptions, and upon appellant's failure to amend, dismissed the bill of review.

Reduced to their essentials, the contentions on appeal are: Appellant asserts that the act of his former attorney in taking the non-suit without his knowledge or consent is a valid ground for having the case reinstated, and that he has sufficiently alleged a meritorious cause of action and diligence on his part which entitle him, on proof thereof, to equitable relief from the prior dismissal. Appellees insist that, in order to maintain the bill of review, appellant must allege some act or fault on the part of appellees which contributed to the entry of the non-suit, and further that appellant's petition shows on its face that he was lacking in diligence in seeking relief.

 It has often been stated that to successfully maintain a bill of review to set aside a former judgment, the moving party must allege and prove (1) a meritorious claim or defense in the original action in which the judgment was entered; (2) which he was prevented from asserting by fraud, accident or the wrongful act of the opposite party; (3) unmixed with any fault or negligence of his own. *Alexander v. Hagedorn,* 148 Tex. 565, 226 S.W.2d 996 (1950); *Gracey v. West,* 422 S.W.2d 913 (Tex.1963); 4 McDonald's, Texas Civil Practice, Sec. 18.27.1, pp. 318, 319; 34 Tex.Jur.2d, Judgments, Sec. 198, p. 38, and cases there cited. But in reality, that is a narrow statement of the rule as it applies to certain types of fact situations, and it is not intended to be an all inclusive categorization of the cases where equitable relief may be obtained from a final judgment. As stated by Justice Walker in *Petro-Chemical Transport, Inc. v. Carroll,* 514 S.W.2d 240 (Tex.1974):

> "This rule is entirely sound as applied to a defendant who suffered a default judgment after proper personal service of citation, but it does not govern the disposition of all bill of review cases."

There are several situations which do not come strictly within the accepted definitions of "fraud, accident or the wrongful act of the opposite party" which nevertheless permit the exercise of the equitable powers of the court to grant relief from a previous judgment. As stated by Professor McDonald:

> "In some situations, relief is given though the complainant does not bring himself strictly within the foregoing rules as to

---

1. Lone Star was also joined in the suit against Terra Mar.

fraud, accident or mistake. The proceeding being equitable in nature, the court may properly give consideration to any circumstance which, being wholly beyond the control of the petitioner, presents a compelling factual reason for re-examining the judgment." 4 McDonald's, Texas Civil Practice, Sec. 18.27.4, p. 327. For example, in *Hanks v. Rosser*, 378 S.W.2d 31 (Tex.1964), our Supreme Court ruled that where an officer of the court gave erroneous information which prevented a party from filing a motion for new trial, that party in a bill of review was excused from complying with requirement (2) as enunciated in *Alexander v. Hagedorn*, supra. For other cases recognizing the propriety of setting aside a dismissal or adverse judgment on equitable grounds, even though its entry was not attributable to an act or omission of the opposite party, see *Petro-Chemical Transport, Inc. v. Carroll*, supra; *Bridgman v. Moore*, 143 Tex. 250, 183 S.W.2d 705 (1944); *Love v. State Bank & Trust Co. of San Antonio*, 126 Tex. 591, 90 S.W.2d 819 (1936); *Nachant v. Monteith*, 117 Tex. 214, 299 S.W. 888 (1927); *Kelly Moore Paint Co. v. Northeast National Bank*, 426 S.W.2d 591 (Tex.Civ.App. Fort Worth 1968, no writ); *Vogel v. Vogel*, 405 S.W.2d 87 (Tex.Civ.App. San Antonio 1966, no writ); *Texas State Board of Examiners In Optometry v. Lane*, 358 S.W.2d 636 (Tex. Civ.App. Fort Worth 1962, writ ref'd n. r. e.); *Smith v. Rawlins*, 25 S.W.2d 622 (Tex. Civ.App. Dallas 1930, writ ref'd); *Stanley v. Spann*, 21 S.W.2d 305 (Tex.Civ.App. Amarillo 1929, writ dism'd); *Eddingston v. Acom*, 287 S.W. 96 (Tex.Civ.App. Beaumont 1926, writ ref'd); *Elstun v. Scanlan*, 202 S.W. 762 (Tex.Civ.App. San Antonio 1918, no writ); and *Lindsley v. Sparks*, 20 Tex.Civ.App. 56, 48 S.W. 204 (1898, writ ref'd). A particularly well recognized example is where a party's attorney dismisses or compromises the litigation without the party's knowledge or consent. *United States v. Beebe*, 180 U.S. 343, 21 S.Ct. 371, 45 L.Ed. 563 (1901); *Burnaman v. Heaton*, 150 Tex. 333, 240 S.W.2d 288 (1951); *Federal Underwrit-*

ers *Exchange v. Read*, 142 S.W.2d 440 (Tex. Civ.App. Beaumont 1940), rev'd on other grounds, 138 Tex. 271, 158 S.W.2d 767 (1942); *Watson v. T & P Ry. Co.*, 73 S.W. 830 (Tex.Civ.App.1903, no writ); *Engelhardt v. Bell & Howell Company*, 299 F.2d 480 (8th Cir. 1962); see also Annot., 30 A.L.R.2d 944 and 56 A.L.R.2d 1290. An attorney employed to prosecute or defend a claim has no authority, contrary to his client's wishes or without his knowledge or acquiescence, to dismiss the case or to compromise it or enter a retraxit. *United States v. Beebe*, supra; *Burnaman v. Heaton*, supra; *Federal Underwriters Exchange v. Read*, supra; *Watson v. T & P Ry. Co.*, supra; *Nothem v. Vonderharr*, 189 Iowa 43, 175 N.W. 967 (1920); *State v. Lewis*, 140 Fla. 86, 191 So. 295 (1939); *Long v. Kirby-Smith*, 40 Tenn.App. 446, 292 S.W.2d 216 (1956); 7 C.J.S. Attorney and Client § 87, p. 909; Annot., 56 A.L.R.2d 1290. Compare *Dunlap v. Villareal*, 91 S.W.2d 1124 (Tex.Civ.App. San Antonio 1936, no writ). If such an act is done, the judgment will be set aside and the case will be reinstated upon timely application of the aggrieved party which shows a meritorious claim or defense and diligence on his part in seeking relief. *United States v. Beebe*, supra; *Engelhardt v. Bell & Howell Company*, supra; *State v. Lewis*, supra. The result in such a case does not violate the general rule that a litigant is bound by the acts of his attorney even if those acts are negligent. That rule is well settled and grounded in sound reason, for to allow a new trial because of an attorney's negligent conduct of the litigation would open the door to a flood of claims seeking relief from adverse results in litigation and would practically destroy the finality of judgments.[2] But the compromise or the dismissal of a cause by an attorney without his client's knowledge or consent, which has the effect of depriving the client of his day in court, is an entirely different matter. It is a deliberate betrayal, by means of an unauthorized act, of the litigant by his attorney. Not only is it a betrayal of the client; it is a

---

**2.** Relief can be obtained in criminal cases, of course, on a showing of ineffective counsel which is of such gravity as to amount to a denial of the right to counsel.

fraud upon the court as well. See *Nothem v. Vonderharr*, supra. We have found no decision of our Supreme Court exactly in point, but that such an act is ground for relief when the other requirements of a bill of review are present seems to be recognized by language in some of its opinions. See *Alexander v. Hagedorn*, supra, and *Gracey v. West*, supra.

If a case is dismissed by an attorney without the consent or knowledge of the litigant, and the litigant discovers the dismissal during the time when a motion for new trial may be filed or an appeal taken, he must avail himself of those remedies or he will be barred from seeking other equitable relief. *Shook v. Shook*, 145 S.W. 699 (Tex.Civ.App. Dallas 1912, writ ref'd); *Dunlap v. Villareal*, supra; *Mercer v. Campbell*, 86 S.W.2d 811 (Tex.Civ.App. Eastland 1935, no writ); *Trigg v. Trigg*, 83 S.W.2d 1066 (Tex.Civ.App. Fort Worth 1935, writ dism'd); 4 McDonald's, Texas Civil Practice, Sec. 17.19, p. 102. If he does not discover the fact until after the time for a motion for new trial or appeal has expired, his remedy is by bill of review. *Gracey v. West*, supra; *Stuart v. City of Houston*, 419 S.W.2d 702 (Tex.Civ.App. Houston–14th Dist. 1967, writ ref'd n. r. e.); *Love v. State Bank & Trust Co. of San Antonio*, supra; 4 McDonald's, Texas Civil Practice, Sec. 17.19, p. 102. To sustain his bill of review in such a case, he must allege and prove (1) that the dismissal was entered against him without his knowledge or consent and through no fault or negligence of his own; (2) he has a meritorious claim; and, (3) that he used reasonable diligence in filing the bill of review after becoming aware of the adverse action. *Osborn v. Younger*, 235 S.W. 558 (Tex.Com.App.1921, judgmt. adopted); *Smith v. Brown & Root, Inc.*, 430 S.W.2d 549 (Tex.Civ.App. Houston–14th Dist. 1968, no writ); *Texas State Board of Examiners In Optometry v. Lane*, supra.

The district court sustained special exceptions and dismissed appellant's bill of review on the basis that his petition did not state valid grounds for relief because it failed to allege some wrongful act or omission of appellees or their attorneys. The petition and certain affidavits incorporated therein alleged that appellant's attorney "sold out to the oil interest" and fraudulently non-suited his case without his knowledge or consent; that in the exercise of due diligence he did not learn of the non-suit in his contract interference case against Terra Mar until February 5, 1976, only nineteen (19) days before he filed his petition for bill of review; and that he had a meritorious claim for tortious interference with his contract of employment in that Terra Mar and Lone Star conspired together to procure and deliver to Lone Star a fictitious and fraudulent report concerning his standing and position with the Shah of Iran and other parties, and prepared a report which was entirely fabricated to the effect that he had no standing with the officials in Iran and was unable to carry out or perform the work he was required to do under his contract, thus resulting in the wrongful termination of such contract. He further alleged that unless his cause is reinstated, he will be unable to present his meritorious claim because the statute of limitations will bar the refiling of it.[3]

It remains to be seen whether, in a trial on the merits, appellant can sustain his allegations by proof, but for the reasons stated heretofore, we conclude that the allegations of the petition are sufficient to state a claim for equitable relief to set aside the non-suit and reinstate the case on the docket of the court.

It is true, as appellees argue, that some of the facts and circumstances alleged in affidavits which appellant incorporated into his petition, isolated and considered alone, could possibly be construed as indicating that he knew or should have known of the non-suit several months before he filed his bill of review, thus casting doubt upon his diligence in seeking relief. But a judgment of dismissal for failure of the pleadings to state grounds for relief can be

---

3. Such a fact is given great weight by the courts in granting relief. See cases cited at 20 Tex.Jur.2d, Dismissal, Etc., Sec. 47, p. 241.

sustained only if the allegations of the pleadings, *taken as true and construed most favorably in behalf of the pleader*, do not state a cause of action. *Homewright Company v. Exchange Warehouses, Inc.*, 526 S.W.2d 241 (Tex.Civ.App. Tyler 1975, writ ref'd n. r. e.); *Farias v. Besteiro*, 453 S.W.2d 314 (Tex.Civ.App. Corpus Christi 1970, writ ref'd n. r. e.); 3 McDonald's, Texas Civil Practice, Sec. 10.14.2, p. 16. It is not proper in such a case to weigh the relative credibility of the allegations or to speculate upon whether the allegations are or can be supported by evidence. *In Re H___ D___,* 511 S.W.2d 615 (Tex.Civ.App. Amarillo 1974, no writ); *Torres v. Aransas County Navigation Dist. No. 1*, 346 S.W.2d 903 (Tex.Civ.App. San Antonio 1961, no writ); 45 Tex.Jur.2d, Pleading, Sec. 116, p. 575. It cannot be said that the allegations of appellant's petition show, as a matter of law, that he was lacking in diligence. Compare *Griffith v. Conard*, 536 S.W.2d 658 (Tex.Civ.App. Corpus Christi 1976, no writ).

Taking appellant's allegations as true, as we must in a case of this nature, we hold that his petition states a case for equitable relief. The judgment sustaining special exceptions and dismissing the suit is therefore reversed and the cause is remanded to the district court for consideration of the merits.