**J. Hugh BRISCOE and Jacqueline Briscoe, Appellants,**

v.

**TRANSWORLD FINANCIAL SERVICES CORPORATION formerly Transworld Leasing Corporation, Appellee.**

No. 04–83–00395–CV.

Court of Appeals of Texas, San Antonio.

Jan. 29, 1986.

Eric G. Olsen, Austin, David V. Jones, San Antonio, for appellants.

S. Mark Murray, Murray & Moore, Paul Curl, San Antonio, for appellee.

ON APPELLEE'S MOTION FOR REHEARING EN BANC

REEVES, Justice.

The motion for rehearing is denied. However, the original opinion delivered and filed February 13, 1985 is withdrawn and the following opinion is substituted in its stead.

This is an appeal from the dismissal of a bill of review brought to set aside a default judgment.

On July 6, 1982, a default judgment was rendered in favor of Transworld Financial Services Corporation (Transworld) against husband and wife, Hugh and Jacqueline Briscoe. Neither the Briscoes nor their counsel appeared at the trial. On February 7, 1983, the Briscoes filed a bill of review, alleging meritorious defenses that they were fraudulently precluded from presenting in the original action, not by their own negligence or by the actions of Transworld, but by their own attorney's actions. Transworld specially excepts to the Briscoes's original petition for the bill of review in that it fails to allege all the essential elements of a bill of review; that is, there is no allegation of some extrinsic fraud on the part of Transworld which prevented the Briscoes's presentation of their meritorious defenses. The special exception was sustained. The Briscoes chose to stand on their pleadings and on June 3, 1983, the court dismissed the cause with prejudice.

The Briscoes assert one point of error; the district court erred in holding that an allegation of extrinsic fraud committed by Transworld was an essential element of a bill of review.

The function of a special exception is to inform the opposing party of a defect in the pleading, so that the party may cure it, if possible, by amendment. *Cameron v. University of Houston*, 598 S.W.2d 344, 345 (Tex.Civ.App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.). When special exceptions are sustained, a party may either amend the pleadings to meet the exceptions, or refuse to amend and test the validity of the ruling by appeal. *McCamey v. Kinnear*, 484 S.W.2d 150, 152 (Tex.Civ.App.—Beaumont 1972, writ ref'd n.r.e.).

The judgment of dismissal for failure of the pleadings to state grounds for relief can be sustained only if the allegations of the pleadings do not state a cause of action. *Pierce v. Terra Mar Consultants*, 566 S.W.2d 49, 53–54 (Tex.Civ.App.—Texarkana 1978, no writ).

The pleadings attacked must be liberally construed, as a whole, in such a way as to do substantial justice. For the purpose of ruling upon the exceptions, the court must accept as true all material factual propositions alleged, whether they be evidentiary or in the form of factual conclusions, as well as all factual propositions which, by fair implication,

reasonably can be inferred from the allegations.

*Fazekas v. University of Houston*, 565 S.W.2d 299, 302 (Tex.Civ.App.—Houston [1st Dist.] 1978), *app. dism'd*, 440 U.S. 952, 99 S.Ct. 1487, 59 L.Ed.2d 765 (1979); 3 R. McDONALD, TEXAS CIVIL PRACTICE IN DISTRICT AND COUNTY COURTS § 10.14.2 (rev. 1983).

■ The rules applicable to a bill of review were laid down by our Supreme Court in *Alexander v. Hagedorn*, 148 Tex. 565, 226 S.W.2d 996, 998 (1950). Three matters are to be alleged and proved in order for a losing party to successfully set aside a final judgment by a bill of review; (1) a meritorious claim or defense (2) which the applicant was prevented from making in the prior proceeding by fraud, accident or wrongful conduct of the opposite party, (3) unmixed by any fault or negligence on the part of the applicant.

■ *Hagedorn* further instructs that bills seeking relief from final judgments are always watched by courts of equity with extreme jealousy, and the grounds for such bills are narrow and restricted. The fact that injustice has occurred is not sufficient to justify relief. *Id.*

The second requirement of *Hagedorn*, however, has been qualified in later cases by the Supreme Court. Exceptions have been created which relieve the applicant of the necessity of proving the second requirement where the applicant has been misled by a court officer, where a court officer failed to send notice of the default judgment, or where there was a failure to serve citation. *See Baker v. Goldsmith*, 582 S.W.2d 404 (Tex.1979); *Texas Industries, Inc. v. Sanchez*, 525 S.W.2d 870 (Tex.1975); *Petro-Chemical Transport, Inc. v. Carroll*, 514 S.W.2d 240 (Tex.1974); *Hanks v. Rosser*, 378 S.W.2d 31 (Tex.1964). *See also*, Note, *Bill of Review: The Requirement of Extrinsic Fraud*, 30 BAYLOR L.REV. 539 (1978).

The exception to the second *Hagedorn* requirement urged in this cause does not fall within one of the above exceptions tailored by our Supreme Court. Rather, the Briscoes urge extrinsic fraud on the part of their attorney; they allege no fraud by the opposing party, Transworld. The issue before us, then, is whether, in our jurisprudence, such an exception to the *Hagedorn* requirements exists.

The Briscoes rely upon *Pierce v. Terra Mar Consultants, Inc., supra.* Procedurally, the case is similar to the one before us. Pierce brought a bill of review alleging his attorney fraudulently non-suited his case. Terra Mar Consultants specially excepted to the pleadings. Pierce stood on his pleadings and the case was dismissed. The Texarkana Court of Civil Appeals found the allegations of the petition sufficient to state a claim for equitable relief to set aside the non-suit and reinstate the case on the docket of the trial court.

The *Pierce* court sets out the *Hagedorn* requirements but asserts that *Hagedorn* "is a narrow statement of the rule as it applies to certain types of fact situations and it is not intended to be an all inclusive categorization of the cases where equitable relief may be obtained from a final judgment." *Id.* at 51.

■ We are in accord with the reasoning of the *Pierce* court. We are persuaded by the exceptions created by our Supreme Court that the *Hagedorn* requirement of extrinsic fraud by the opposing party is not an invariable element in a bill of review. Dicta in *McEwen v. Harrison*, 162 Tex. 125, 345 S.W.2d 706 (1961) support this proposition. There the Supreme Court entirely omitted the second *Hagedorn* requirement of extrinsic fraud in its discussion of a bill of review. "In a bill of review proceeding, the plaintiff must allege and prove he was not negligent in suffering the default judgment to be rendered against him and that he has a meritorious defense to the suit." *Id.*, 345 S.W.2d at 710.

The Briscoes have pled they have been betrayed by their attorney and have not had an opportunity to fully litigate the issues.

An attorney is an officer of the court. *Dow Chemical Co. v. Benton*, 163 Tex. 477, 357 S.W.2d 565, 567 (1962). It would not be, under our fact situation, a drastic departure from the exceptions explicitly established by our Supreme Court to excuse a party from meeting *Hagedorn's* second requirement.

However, the "officers of the court" who misinformed and misled applicants in the various Supreme Court cases which led to exceptions for official misconduct were not agents of the applicants. Attorneys are the agents of their clients and their negligent actions must be attributable to the individuals they represent. Mere negligence, then, on the part of "officers of the court," such as a clerk who fails to send notice of the default judgment, may excuse an applicant from meeting the second *Hagedorn* requirement; but negligence on the part of the "officer of the court" who is the attorney for the applicant would not justify equitable relief. A litigant is bound by the acts of his attorney even if those acts are negligent. *Pierce, supra* at 52.

This is consistent with *Hagedorn.*

> When respondent [Hagedorn] requested the district clerk to notify him when he should return to court to defend the suit he was requesting the clerk to undertake something that the latter was in no sense required to do in his official capacity. So, as to that, the clerk became respondent's agent, and negligence of the clerk must be charged to respondent; it became his own negligence.

*Hagedorn*, 226 S.W.2d at 1001.

This rule is sound. To allow a new trial because of an attorney's negligent conduct of the litigation "would open the door to a flood of claims seeking relief from adverse results in litigation and would practically destroy the finality of judgments." *Pierce, supra* at 52. However, the *Pierce* court continues, "But the compromise or the dismissal of a cause by an attorney without his client's knowledge and consent, which has the effect of depriving the client of his day in court, is an entirely different matter.

It is a deliberate betrayal, by means of an unauthorized act, of the litigant by his attorney. Not only is it a betrayal of the client, it is a fraud upon the court as well. *Pierce, supra* at 52–53.

The Briscoes have pled two meritorious defenses which their attorney failed to present to the court. A default judgment was entered. The attorney advised them not to pursue an appeal. The Briscoes *pled* that their attorney wrongfully and fraudulently failed to defend them in the prior suit and attempted to conceal the inadequacy of his representation. Having so pled, their cause of action cannot be dismissed on grounds of negligence. As no trial has been conducted, there has been no determination of the proper characterization of the acts. *Cf. Gracey v. West*, 422 S.W.2d 913 (Tex.1968) (whether attorney's actions constituted negligence or fraud was a question of law decided adversely to respondent). In the context of this procedural setting, that is, the appeal of a dismissal of suit after the sustaining of a special exception, we must accept as true that the attorney's acts were done fraudulently. It is not proper for us to weigh the relative credibility of the allegation or to speculate upon whether the allegation can be supported by evidence. *Pierce, supra* at 54; *In re H D ,* 511 S.W.2d 615 (Tex.Civ.App.—Amarillo 1974, no writ).

Transworld also raises the issue of negligence on the part of the Briscoes which would defeat the granting of a bill of review under the third requirement set out in *Hagedorn*. We do not have before us this issue. We cannot review it or take any notice of appendices to Transworld's brief. Transworld may raise this issue at trial.

We hold that the trial court erred in sustaining Transworld's special exception to the Briscoes's pleading. It was not an essential element of a bill of review to plead extrinsic fraud on the part of the opposing party. Under the exceptions established by our Supreme Court, misconduct of a court official acting in an official

capacity will excuse proof of the second *Hagedorn* requirement. If the "officer of the court" is the applicant's attorney, negligence alone will not justify equitable relief. However, if the attorney acts fraudulently, and such fraud is extrinsic to the suit, a bill of review will be granted upon proof of this fraud and proof of the remaining two elements of a bill of review; meritorious defense and no negligence on the part of the applicant.

 Our holding does no violence to the rule of finality. While permitting some flexibility as to the second *Hagedorn* requirement, the first and third requirements remain, invariable and essential. Applicants asserting fraud by their attorney must show no personal lack of diligence or negligence in discovery of and reaction to the fraud, not only during trial but at every stage of the litigation process. In this cause we address only the sufficiency of the pleading to assert extrinsic fraud on the part of the Briscoes's attorney.

The judgment of the trial court is reversed and the cause is remanded.

BUTTS, J., dissents.

ESQUIVEL, J., joins dissent without opinion.

BUTTS, Justice, dissenting.

I respectfully dissent. This is an unnecessary departure from bill of review rules enunciated in *Alexander v. Hagedorn*.